## GEORGE FLICKINGER *vs.* HARRISON WAGNER.

*Action for malicious prosecution—Relevant and irrelevant testimony—Probable Cause.*

Proceedings were instituted before a justice of the peace by the assignee in bankruptcy of F. to recover of W. a claim alleged to be due the bankrupt's estate. At the trial F. was a witness, and testified that W. had the use of his horse and wagon for the purpose of hauling bricks, the charge for which use constituted a part of the claim sued for. F. was subsequently arrested at the instance of W., charged with having committed perjury in swearing that W. had the use of the cart and wagon. In an action afterwards brought against W. by F. for a malicious prosecution in so having him arrested, F. offered to prove by his assignee in bankruptcy the amount claimed by the latter to be due from W. in the proceedings before the justice of the peace, and the several credits to which he admitted W. was entitled. On objection, it was HELD:

That the said testimony was irrelevant and inadmissible.

The defendant proved by his brother that there had been a settlement in June, 1872, between the witness and the plaintiff of all the accounts between the plaintiff and defendant. That in said settlement, the plaintiff's account against the defendant had been credited with the amount due by the plaintiff on a note of his held by the defendant, but which note had not been surrendered to the plaintiff, but remained in the hands of the defendant. That the account settled on that occasion was an account which the plaintiff had against the defendant for bricks, and that witness had informed the defendant the day after the settlement, that he had settled all claims which the plaintiff had against him. The plaintiff upon cross-examination of said witness, asked him if there was anything due upon said note, which question being objected to, his counsel stated they expected to prove facts and circumstances from which the jury might find that no such settlement as that spoken of by the witness had been made; that subsequent to the supposed settlement the defendant had attended a meeting of the plaintiff's creditors held to elect an assignee in bankruptcy, and had there produced said note before the register in bankruptcy, and proved it against the estate of the plaintiff, and offered to vote upon it for witness as assignee of the said bankrupt's estate. HELD:

Flickinger *vs.* Wagner.

1st. That under such circumstances and for such purposes the question was a proper one.

2nd. That it was competent for the plaintiff to prove, that the defendant was present at the meeting of creditors, and voted for an assignee of the bankrupt's estate.

3rd. That it was not competent for him to ask the witness, who was not present at the meeting, whether the defendant had voted for him as assignee.

4th. That it was not competent for him to ask said witness, whether the plaintiff was indebted to the defendant at the time of the trial before the justice of the peace, such question being irrelevant.

5th. That it was competent for him to ask said witness if the said note had been cancelled by the credit on the brick account spoken of by him.

6th. That it was not competent for the plaintiff to ask said witness a question the answer to which would have been nothing more than the opinion of the witness.

The defendant was having a house built, and in the suit against him before the justice of the peace, he was charged with having the use of the plaintiff's cart and wagon in hauling bricks for this house. HELD:

1st. That for the purpose of showing the circumstances which induced the defendant to believe that the plaintiff had testified falsely before the justice of the peace, it was competent for him to prove by a witness, that under the contract of said witness with the defendant, he, (witness,) was obliged to haul the bricks, and that he borrowed and used the plaintiff's wagon for that purpose.

2nd. That the motive which operated upon and induced the defendant to have the plaintiff arrested being directly involved in the issues before the jury, the defendant, being a competent witness under the Evidence Act, had the right to explain to the jury the motives under which he acted.

3rd. That it was not competent for the plaintiff to ask said defendant upon his cross-examination, what was the matter in controversy between him, (defendant,) and the assignee of the plaintiff in the trial before the justice of the peace; or whether there was any controversy in the trial before the justice, as to whether witness went for the cart *by himself*, or in company with somebody else, said questions being irrelevant.

4th. That the fact that the defendant was informed, and believed that the settlement made by his brother with the plaintiff, included all matters of account between them, did not furnish a reasonable cause for his believing that the plaintiff committed perjury, when he subsequently testified before

Flickinger *vs.* Wagner.

the justice of the peace, that the defendant was indebted to him for the use of the cart and wagon. And more especially in view of the insignificaut amount involved in the plaintiff's testimony, (three dollars,) which if recovered would have gone not to himself but into his bankrupt estate.

5th. That in order to constitute a reasonable and probable cause in cases of this kind, the facts and circumstances must be such as not only to create a bare suspicion, but must be sufficiently strong to satisfy a cautious man that the party is guilty of the charge.

6th. That proof that the defendant never had the use of the cart in question, and that it never was in fact used in and about his premises, and that he knew this, would be evidence to justify the defendant in believing that the plaintiff was guilty of the charge for which he was prosecuted, although the defendant was mistaken in so believing, and the plaintiff was not guilty of any such charge.

7th. That it was necessary for the plaintiff to prove, that the defendant was actuated by *malice*, and also without probable cause.

8th. That when the circumstances are such as to constitute a *reasonable* cause, the *motive* which actuates a party in making an arrest is altogether immaterial.

9th. That the fact that the defendant had dismissed the charge of perjury against the plaintiff, was not in itself sufficient evidence to prove that he had not probable cause for instituting the prosecution before the magistrate.

APPEAL from the Circuit Court for Frederick County.

This is an action for malicious prosecution brought by the appellant against the appellee, the nature of which is stated in the opinion of the Court.

*First Exception.*—Stated in the opinion of the Court.

*Second · Exception.*—The defendant proved by William H. Wagner, his brother, that the witness and the plaintiff made a settlement in June, 1872; that plaintiff informed witness that this was all the accounts he had against defendant; that after such settlement the witness communicated to the defendant that he, the witness, had settled all claims whatever which plaintiff had against the defendant; that this communication was made the day after the settlement was made, or on the same day thereof; that plaintiff's

account exhibited on that occasion and settled, was for 15,000 bricks purchased by the defendant from the plaintiff at $8.25 per thousand, making $123 75 ; that a note of the plaintiff in favor of Enoch J. Waltz entered into said settlement ; that there was due on this note, which was held by defendant against plaintiff with interest, about $86 00 ; that this $86.00 was credited on the back of plaintiff's account, and the balance of about $37 due to plaintiff on the brick account was credited on a note which witness held against the plaintiff, called the "Trimmer Note," that these two credits paid plaintiff's account as presented in full ; that said Waltz note was not surrendered to said plaintiff, but remained in the hands of the defendant.

Upon cross-examination, the plaintiff's counsel asked the witness if there was anything due upon said note ; which question being objected to by defendant's counsel, the counsel for plaintiff stated to the Court that they expected to prove facts and circumstances from which the jury might believe that there was no such settlement as that testified to by the witness ; that on the 16th day of August immediately following this supposed settlement, there was a meeting of the creditors of George Flickinger before the Register in Bankruptcy in Woodsboro', at which an assignee of the estate of George Flickinger, the plaintiff, was to be voted for ; that the witness was a candidate for the position of such assignee ; that the defendant, Harrison Wagner, the brother of the witness, attended that meeting and produced this Waltz note before the register, and proved it against the estate of said Flickinger, bankrupt, the plaintiff, and offered to vote on it for the witness for assignee of said bankrupt's estate but the Court (BOUIC and LYNCH, J.,) sustained the objection of defendant's counsel and refused to permit said question to be asked the witness. The plaintiff excepted.

*Third Exception.*—The said witness further, upon cross-examination, testified, that he had not solicited any one to

vote for him as assignee of the estate of George Flickinger, bankrupt, and that he was not present at the meeting, but had heard that some few persons had voted for him. The plaintiff's counsel then asked the witness: "Did Harrison Wagner, the defendant, vote for you as assignee?" but the defendant's counsel objected to said question being answered, and the Court sustained the objection, and refused to permit said question to be answered. The plaintiff excepted.

*Fourth Exception.*—The plaintiff's counsel, further, on cross-examination of said witness, asked him if the plaintiff, Flickinger, was indebted to the defendant, Wagner, at the time of the trial before Justice Koontz; which question was objected to by defendant's counsel, and the Court refused to permit the witness to answer the same. The plaintiff excepted.

*Fifth Exception.*—The plaintiff, further, on cross-examination, asked said witness if the Waltz note was cancelled by the credit of $86 on the brick account, but upon objection by the defendant's counsel, the Court refused to permit said question to be answered. The plaintiff excepted.

*Sixth Exception.*—The plaintiff, further, on cross-examination, asked said witness whether or not the Waltz note, after the settlement spoken of by him, belonged to George Flickinger, but upon objection by the defendant's counsel, the Court refused to permit said question to be answered. The plaintiff excepted.

*Seventh Exception.*—The defendant, to further maintain the issues joined on his part, proved by Enoch J. Waltz, that he, the said witness, repeated to defendant, a conversation which he had with the plaintiff in 1873, in which plaintiff said to witness, that all accounts were settled between the plaintiff and the defendant; and further proved by Samuel Murphy, that he had a wagon of Flickinger in use for about half a day or a little longer on his own account; hired it himself and for himself; that he

used it to haul brick for Harrison Wagner; that he got the wagon from Flickinger, and told Flickinger that he wanted it to haul brick for Harrison Wagner; the defendant's counsel then asked witness to state under what terms or circumstances he was hauling bricks for Wagner; but plaintiff's counsel objected to said question being answered, unless it was proposed by defendant, to follow it up with proof that Flickinger was acquainted with the terms or circumstances under which witness was hauling bricks for Wagner, and that the fact of Flickinger's knowledge thereof was communicated to said Wagner; but the Court overruled said objection, and permitted said question to be asked and answered; to which question the witness replied, that he was hauling bricks under a contract with Wagner, and that witness was to furnish the means for such hauling. The plaintiff excepted.

*Eighth Exception.*—The defendant then proved by Columbus Welker, that he was present at the trial before Justice Koontz, and that the plaintiff there swore that Harrison Wagner came after the cart, and that Flickinger helped him to hitch it up, and that Harrison Wagner took it away in person.

The defendant's counsel then asked the witness, "what did Flickinger say, if anything, with reference to anybody's being there with Wagner?" to which the plaintiff, before said question was answered, objected as leading, but the Court overruled his objection, and permitted said question to be answered by witness, when witness replied, "I have no knowledge of him making mention of any one else; my recollection is rather clear on the subject of no one else being with Wagner." The plaintiff excepted.

*Ninth Exception.*—The defendant then produced other evidence tending to show that the defendant did not have the plaintiff's cart during the time of the digging and hauling out of defendant's cellar, and then proved by Harrison Wagner, the defendant, that he never at any time

had the use of plaintiff's cart or wagon. The defendant's counsel then asked the witness to state what contract he had with Samuel Murphy about the hauling of brick for him, to which the plaintiff objected, unless defendant proposed to follow it up by proof that plaintiff knew of said contract, and that his knowledge thereof was known to said defendant, but the Court overruled said objection and permitted witness to answer said question; when the witness said in answer thereto, that said Murphy contracted with witness to haul the brick, and that Murphy was to furnish at his own expense, the means of such hauling. The plaintiff excepted.

*Tenth Exception.*—The defendant's counsel then asked said witness "what was your motive in making the charge of perjury against the plaintiff?" to which the plaintiff objected, but the Court overruled the objection, and permitted the question to be asked and answered; when the witness in answer thereto, said that his motive was justice to himself and to society. The plaintiff excepted.

*Eleventh Exception:*—The said witness further testified in behalf of defendant, that the plaintiff in the trial before Justice Koontz, testified that the witness (H. Wagner,) came alone for the cart and drove it away alone. The plaintiff's counsel then, upon cross-examination, asked the witness "what was the matter in controversy between you and the assignee of Flickinger in the trial before Justice Koontz?" but the defendant's counsel objected to said question being answered, and the Court sustained said objection, and refused to permit the witness to answer said question. The plaintiff excepted.

*Twelfth Exception.*—The plaintiff's counsel further, upon cross-examination of said witness, asked, "was there any controversy in the trial before Justice Koontz as to whether you went for the cart *by yourself*, or went for it in company with somebody else?"

To which the defendant's counsel objected, and the Court sustained said objection, and refused to permit the witness to answer said question. The plaintiff excepted.

*Thirteenth Exception.*—After further evidence offered on the part of the plaintiff and defendant, the defendant offered the eighteen following prayers :

1. The defendant, by his counsel, prays the Court to instruct the jury upon the evidence, that if the jury shall believe from the evidence that Dr. W. H. Wagner and plaintiff made a settlement in June, 1872 ; that the use of the cart for two weeks and the wagon for one day, spoken of by plaintiff in his evidence, had transpired before such settlement, if the jury shall so find that after such settlement Dr. W. H. Wagner communicated to defendant that he, Dr. W. H. Wagner, had settled all claims whatever which plaintiff had against him, defendant ; that this communication was made in 1872 ; if the jury shall so find, that in 1873 a certain Enoch Waltz repeated to defendant that he, Waltz, had had a conversation with plaintiff, in which plaintiff admitted that all accounts between plaintiff and defendant had been settled ; and shall further find that defendant believed such communications to be true ; that then the defendant had reasonable and probable cause from which he could reasonably believe that plaintiff had committed perjury, when, in an action before Godfrey Koontz, a justice of the peace for Frederick County, of State of Maryland, if the jury shall find such action and such justice of the peace, in which George W. Smith, assignee in bankruptcy of plaintiff, had sued defendant for a bill, if the jury shall so find, in the items of which were included the charge for the user of a cart two weeks and a wagon one day, if the jury shall so find plaintiff swore that defendant had the use of his, plaintiff's cart for two weeks and his wagon one day, and the verdict of the jury must be for defendant, even though the jury should find, as a matter of fact, that defendant did

have the use of plaintiff's cart two weeks and his wagon one day, and that the same was not in fact settled for in any settlement made with Dr. W. H. Wagner ; and shall further find, that Dr. W. H. Wagner knew it was not so settled for ; and shall further find, that no such conversation was had between plaintiff and Enoch Waltz.

2. The defendant,.by his counsel, prays the Court to instruct the jury upon the pleadings and all the evidence, that if the jury shall believe from the evidence that in June, 1872, a settlement was had between Dr. W. H. Wagner and plaintiff, in which Dr. W. H. Wagner believed that all accounts up to that time, which plaintiff had against defendant, had been settled for and liquidated ; and shall further find, that this fact of a settlement was communicated in the form and manner so believed by Dr. W. H. Wagner to H. Wagner ; and shall further find, that Dr. H. Wagner really believed that a settlement of the character mentioned had been made by Dr. W. H. Wagner, that then defendant had reasonable and probable cause to believe that plaintiff had committed perjury when he swore before Godfrey Koontz, in July, 1874, if the jury shall find he did so swear, in an action instituted before said justice by the assignee in bankruptcy of said plaintiff, to recover from the said user. of said cart and wagon, if the jury shall so find that defendant had his cart for two weeks and his wagon for one day, and that the verdict of the jury must be for defendant, even though jury should further. find, that as a matter of fact, the said items of user of a cart for two weeks and. wagon for one day, were not included in said settlement made with Dr. W. H. Wagner, and though the jury should believe that as a matter of fact plaintiff swore to the truth when he made the statement hereinbefore mentioned, before Godfrey Koontz, on the 15th day of July, 1874, if the jury shall so find.

3. That if the jury shall find upon the pleadings and all the evidence, that Dr. W. H. Wagner communicated

to defendant that all claims which plaintiff had against defendant had been settled for in June, 1872 ; that the charge for the user of the cart for two weeks and wagon one day, had accrued against Dr. H. W., before said settlement ; that said charge was not included in the account plaintiff produced at said settlement in 1873, in fact ; that Enoch Waltz had communicated to defendant that plaintiff had informed him that all accounts between defendant and plaintiff had been settled ; that Murphy had informed defendant in 1874, or before, that he, Murphy, on the occasion when plaintiff's wagon had been used for hauling brick, had been used by Murphy, and gotten by him, and not by defendant; that defendant believed these several statements to be true, that then defendant had reasonable and probable cause to believe that plaintiff had committed perjury, when, in July, 1874, in a trial depending before Godfrey Koontz, a justice of the peace for State of Maryland, in and for Frederick County, instituted against him by G. W. Smith, assignee in bankruptcy, for a bill of the items, of which was the user of the cart for two weeks and a wagon of plaintiff's for one day; plaintiff swore that defendant had had the user of his cart for two days and his wagon for one day, even though the jury should believe from the evidence that defendant had the use of plaintiff's cart for two weeks and his wagon for one day, and even if the jury should believe that the statements made to Wagner by Dr. W. H. Wagner, Murphy and Enoch Waltz, were untrue in fact.

4. That if the jury shall believe from the evidence that Murphy hired or borrowed the wagon from plaintiff, and that defendant did not borrow or hire the same from plaintiff, and that defendant knew this fact when he made the charge before White ; that then defendant had reasonable and probable cause for believing that plaintiff had committed perjury, when, in the trial before Koontz, plaintiff swore that defendant had the use of his cart two weeks

and his wagon one day ; if jury shall find plaintiff did so swear, and the verdict of the jury must be for the defendant.

5. That if the jury shall find from all the evidence under the pleadings in this case, that plaintiff and Dr. W. H. Wagner had made a settlement in June, 1872, of all accounts which plaintiff had at that time against Dr. H. Wagner ; that the items for the user of a cart and wagon mentioned in plaintiff's evidence, had been incurred as a debt by Dr. H. Wagner before said settlement, that the fact of such settlement having been made, was communicated to defendant before August 3rd, 1874, and was believed by defendant ; that then defendant had reasonable and probable cause for believing that plaintiff had committed perjury in the trial before Godfrey Koontz, in swearing as in declaration alleged, and the verdict of the jury must be for defendant, even though the jury should find as a matter of fact that the user of said cart and wagon had not been included in said settlement.

6. The defendant, by his counsel, prays the Court to instruct the jury upon the pleadings and all the evidence, that if the jury shall believe from the evidence that defendant, on the 3rd day of August, 1872, before Frederick White, Esq., a justice of the peace of State of Maryland, in and for Frederick County, if the jury shall so find, preferred a charge of perjury against plaintiff, alleging that plaintiff had committed perjury on the 15th day of July, 1874, in a cause depending before Godfrey Koontz, if the jury shall so find, then and there being a justice of the peace of the State of Maryland, in and for Frederick County, if the jury shall so find, in swearing or affirming that defendant had the use of plaintiff's cart two weeks and wagon one day, if the jury shall so find, and that said Frederick White discharged the plaintiff from said charge, and that such acquittal or discharge was the result of deliberation and hesitation, and that the evidence before him was so

conflicting and doubtful on both sides, that said justice was not able to decide, and that he gave the prisoner the benefit of the doubt, and decided to discharge him, then the verdict of the jury must be for defendant; that the fact of said doubting and testimony upon the question of holding or discharging plaintiff constitute such probable cause on part of defendant, making charge as to excuse him therefor.

7. That to enable the jury to infer malice from the want of probable cause, the jury must be satisfied from the evidence that defendant had not probable cause to believe that plaintiff had committed the act complained before the justice, and that the burden of proof is on plaintiff to show the want of probable cause; that probable cause is the existence of such facts and circumstances as would excite the belief in a reasonable mind that the plaintiff was guilty of the charge preferred against him by said defendant to said justice.

8. That to enable the jury to infer malice from want of probable cause, the jury must be satisfied from the evidence that at the time of making the charge before the magistrate, the defendant did not believe the same to be true, but made the said charge, knowing and believing the same to be false.

9. That before the jury can find that defendant made the charge in evidence, spoken of before the magistrate, maliciously, the jury must be satisfied that at time of making said charge, defendant knew or believed the same to be wilfully false, and the verdict must be for defendant, unless the jury shall find said charge to have been malicious.

10. The defendant, by his counsel, prays the Court to instruct the jury from the pleadings and evidence in this cause, that if they shall believe that the defendant on the 3rd day of August, 1874, went and appeared before Frederick White, a justice of the peace of the State of Mary-

land, in and for Frederick County, and charged plaintiff with having committed perjury in swearing or affirming in a trial of a cause before Godfrey Koontz, Esq., a justice of the peace of said county and State, that the defendant had the use of his cart for two weeks and his wagon for one day, then the jury cannot infer malice on the part of the defendant in making said charge before said magistrate unless they shall believe that said defendant made said charge, knowing the same to be wilfully false, even though the jury may believe the charge made by the defendant against the plaintiff was in fact untrue.

11. The defendant, by his counsel, prays the Court to instruct the jury upon the pleadings and all the evidence, that if the jury shall believe from the evidence that the defendant, in making the charge against plaintiff, as mentioned in evidence, if they, the jury, shall believe the same, made said charge maliciously and with the design and intent to persecute him and impoverish plaintiff, that notwithstanding the verdict of the jury must be for the defendant, if the jury shall believe from the evidence that defendant at the time he preferred the charge against plaintiff in evidence mentioned, believed and knew of the existence of facts and circumstances, if true, would excite in a reasonable mind the belief that the charge he made before the magistrate was true, even though they shall believe that in fact said charge was false and unfounded.

12. The defendant, by his counsel, prays the Court to instruct the jury upon the pleadings and all the evidence, that if the jury shall believe from the evidence, that the defendant, on the 13th day of August, 1874, went and appeared before Frederick White, a justice of the peace of the State of Maryland, in and for Frederick County, if the jury shall find said justice of peace, and charged plaintiff with having committed perjury in swearing before Godfrey Koontz, a justice of the peace for Frederick County, State of Maryland, if the jury shall find said justice, that

defendant had had the use of his, plaintiff's, cart for two weeks and his wagon one day ; and shall further find that defendant, on August 5, appeared before said justice, and from his testimony and educed evidence of other witnesses to establish said charge, that though the jury shall believe from the evidence that said charge so laid by defendant against plaintiff was utterly and entirely false in fact, that their verdict must be for defendant, unless the jury shall further find that at the time of making said charge and giving said testimony, if the jury shall so find, the defendant knew and believed said charge to be false and unfounded.

13. The defendant, by his counsel, prays the Court to instruct the jury, upon the pleadings and all the evidence, that if the jury shall believe from the evidence the facts, as stated in the preceding prayers, that then the verdict must be for the defendant, unless the jury shall further find that the defendant wilfully and intentionally made the charge before Justice White, knowing and believing the same to be false and unfounded.

14. The defendant, by his counsel, prays the Court to instruct the jury under the pleadings and evidence in this cause, that if they shall find that in May, 1872, the defendant commenced the erection of a building in the town of Woodsborough, that on the 15th day of May of said year, the excavation and digging for the foundation commenced, and was continued for three days successively, 15th, 16th and 17th days of May, and that the same was then finished except some trimming and digging of the trench for foundation walls, which was done on the 18th and 21st of May following, that the dirt and earth that came from said cellar and foundation was hauled or carted off by three carts, not more than two carts being used for said purpose at any one time, if the jury shall so find, and that on the 15th day of May in said year, the carts in use were those belonging respectively to Saml. Bassard and —— Albaugh, and

were drawn by horses belonging to Cornelius Haugh and Wm. Barrick, and that on the 16th day of May in said year, the carts in use were the same as used on the said 15th day of May, till late in the afternoon of said 16th day of May, when the cart belonging to said Albaugh gave out and was no longer fit for use, if the jury shall so find, and that on the morning of the 17th day of May, another cart belonging to David Dorcus was brought to said foundation and substituted for the cart owned by said Albaugh, which had broken down, and was drawn by a grey horse belonging to the witness Murphy, if the jury shall so find, and that no other carts were used in and about said foundation in the digging and excavation thereof; and shall further find, that during the time of the erection of said building no carts were used, and shall further find that the wagon spoken of by the witnesses was obtained by the witness Murphy from the plaintiff on his own account for his own use, and not for and on account of the use of the defendant, and that the defendant knew these facts and believed the same to be true, and that the plaintiff in the year 1874, made out an account against the defendant charging him with hire for the use of his cart for two weeks and his wagon one day, at the time of the digging of said foundation, and at the time of the hauling the brick for said building, if the jury shall so find from the evidence; and shall further find that George W. Smith, claiming to be assignee of said plaintiff, instituted suit before Godfrey Koontz, Esq., a justice of the peace of the State of Maryland, in and for Frederick County, on said account against the defendant, to recover the same from said defendant, and that at the trial before said justice, the said plaintiff swore or affirmed that said defendant had the use of his cart for two weeks, and his wagon for one day, charged in plaintiff's declaration, and that afterwards the said defendant appeared before Fredk. White, Esq., a justice of the peace, of the State and county afore-

said, and on oath charged the plaintiff with perjury in making said oath or affirmation aforesaid, if the jury shall so find, and that at the time of making said charge and complaint the defendant believed and knew of the existence of the facts and circumstances before recited and specified—then that such fact and circumstances were such as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the defendant, that the plaintiff was guilty of the charge for which he was prosecuted, and their verdict must be for the defendant, although the jury may believe that said defendant was mistaken in so believing, and that the plaintiff was not guilty of any such charge.

15. The defendant, by his counsel, prays the Court to instruct the jury under the pleadings and evidence in this cause, that if they shall believe that Harrison Wagner, the defendant, at the time he made oath before Frederick White, Esq., testified to by the witnesses charging the plaintiff with perjury, believed and knew that the cellar or foundation testified to by the witnesses was dug out and excavated in three days, that the dirt and earth that came from said foundation was hauled or carted off by three carts, only two being in use at any one time, that the carts in use at said foundation, on the 15th and 16th of May, 1872, belonged respectively to Saml. Bassard and —— Albaugh, that said carts were in use up to the evening of the 16th of May, when the cart owned by said Albaugh gave out, that on the morning of the 17th of May another cart belonging to David Dorcus was brought to said foundation and substituted for the cart owned by said Albaugh which had broken down, and that no other carts were used in and about said foundation in the digging and excavation thereof, or in the erection of the building erected thereon, except those above specified and testified to by the witnesses; and shall further find that the wagon spoken of by the witnesses was obtained by the witness

Murphy on his own account and for his use, and not for and on account of the use of Dr. Wagner, the defendant, then said facts, if true, would excite in a reasonable mind the belief that the charge defendant made was true, and the verdict of the jury must be for the defendant, even though the jury may believe that the said defendant was mistaken is so believing, and that the plaintiff was not guilty of any such charge.

16. That under the pleadings and evidence in this cause the verdict of the jury must be for defendant, because there is no such arrest and imprisonment by plaintiff as to justify a verdict upon the issues joined.

17. That the issue in this case under the pleadings, is not whether what Flickinger, the plaintiff, swore to before Godfrey Koontz was true or false, and whether or not he in fact was guilty of perjury, but that the issue is whether the defendant when he lodged the complaint of perjury, had reasonable or probable cause to believe that Flickinger had sworn falsely in testifying defendant had had the use of his cart two weeks and his wagon one day, if the jury shall find that plaintiff did swear before Koontz that defendant had the use of his cart two weeks and his wagon one day, and whether defendant made said charge maliciously or not; and even if the jury shall find from the proof those facts which show there was no reasonable or probable cause for defendant's believing plaintiff had sworn falsely, their verdict must nevertheless be for the defendant, unless they shall further find that the defendant was prompted by malice in making the charge, and the burden of proof is on the plaintiff to show there was malice, and not on the defendant to show there was not.

18. The defendant, by his counsel, prays the Court to instruct the jury, upon the pleadings and all the evidence, that if the jury shall believe from the evidence that defendant, on the 3rd day of August, 1872, before Frederick White, Esq., a justice of the peace of the State of Mary-

land in and for Frederick County, if the jury shall so find, preferred a charge of perjury committed by plaintiff on the 15th day of July, 1874, in a cause depending before Godfrey Koontz, if the jury shall so find, then and there being a justice of the peace of the State of Maryland, in and for Frederick County, if the jury shall so find, in swearing or affirming that defendant had the use of plaintiff's cart two weeks and wagon one day, if the jury shall so find, and that said Frederick White discharged the plaintiff from said charge, and that such acquittal or discharge was the result of deliberation and hesitation, and that the evidence before him was so conflicting and doubtful on both sides that said justice was not able to decide, that he gave the prisoner the benefit of the doubt, and decided to discharge him, then the magistrate's judgment is not sufficient evidence to prove that the defendant has not probable cause for instituting the prosecution before the magistrate.

The Court granted the defendant's first, third, fourth, fifth, seventh, eleventh, fourteenth and eighteenth prayers, and rejected his second, sixth, eighth, ninth, tenth, twelfth, thirteenth, fifteenth, sixteenth and seventeenth prayers. The plaintiff excepted.

The jury rendered a verdict for the defendant, and judgment was entered accordingly. The plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT and ROBINSON, J.

*Francis Brengle* and *Fred. J. Nelson,* for the appellant.

*Wm. P. Maulsby, Jr.* and *Charles W. Ross,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

Proceedings were instituted before a justice of the peace by Smith, assignee in bankruptcy, of the appellant, to

recover of the appellee, a claim alleged to be due the bankrupt's estate. At the trial the appellant was a witness, and testified that the appellee had the use of witness' cart for about two weeks, and his wagon one day for the purpose of hauling bricks, charges for which, amounting to three dollars, constituted part of the account claimed to be due by the appellee.

The appellant was subsequently arrested at the instance of the appellee, charged with having committed perjury in testifying before the justice of the peace, that the appellee had the use of the appellant's cart and wagon, and this suit is brought to recover damages of the appellee for malicious prosecution.

Twelve exceptions are taken to the rulings of the Court below, in regard to the admissibility of evidence, and the thirteenth to the several prayers offered by the appellee, and granted by the Court.

*1st Exception.*—The appellant, plaintiff below, offered to prove by Smith, the assignee in bankruptcy, the amount claimed by the latter, to be due from the appellee in the proceedings before the justice of the peace, and the several credits to which he admitted the appellee was entitled. This evidence seems to us to be wholly irrelevant, and was therefore properly excluded. The question before the jury was whether the defendant was actuated by malice, and want of reasonable or probable cause, in making the charge of perjury against the plaintiff, and the amount claimed by the assignee in bankruptcy in the suit before the justice, tended in no manner to prove the issues presented by the pleadings.

*2nd Exception.*—We see no objection to the evidence offered by the plaintiff in this exception. The defendant had proved by Doct. W. H. Wagner, his brother, that subsequent to the date of the charges for the use of plaintiff's cart and wagon, there was a settlement between the witness and the plaintiff, of the accounts which the latter

Flickinger *vs.* Wagner.

had against the defendant,—that the only item in the account presented by the plaintiff, was a charge for fifteen thousand bricks at $8$\frac{25}{100}$ per thousand. That this account was settled in part by a note of the plaintiff held by the defendant as assignee of Waltz, upon which the sum of $86 was due, and the balance paid by claims which the witness held against the defendant—that the plaintiff said he held no other claims against the defendant, and that on the same day, or the day after the settlement, the witness informed the defendant that he had settled all claims which the plaintiff had against him. The plaintiff, on cross-examination, then asked the witness whether anything was due on the Waltz note, and stated to the Court, that he expected to prove facts and circumstances from which the jury might infer that there was no such settlement as that testified to by the witness, and that on the 16th of August immediately following this supposed settlement, there was a meeting of the creditors of the plaintiff before the register in bankruptcy, and at which an assignee in bankruptcy of the plaintiff was to be elected. That the defendant was present at that meeting, and produced the Waltz note before the register, and proved it as against the estate of the plaintiff, and offered to vote on it for an assignee of the bankrupt's estate. Under such circumstances and for such purposes, we think the question was a proper one, and the Court erred in refusing to permit the witness to answer the same.

*3rd Exception.*—It was also competent for the plaintiff to prove that the defendant was present at the meeting of creditors, and voted for an assignee of the bankrupt's estate. But it appears that the witness was not present at such meeting, and did not know who voted for the assignee, except what he had heard from others, and the objection to his testimony in this respect, was properly sustained.

*4th Exception.*—The question whether the plaintiff was indebted to the defendant at the time of the trial before

the justice of the peace, was of course irrelevant, and therefore properly excluded.

*5th Exception.*—The Court erred in excluding the testimony offered in this exception. For the reasons assigned in considering the second exception, the plaintiff had the right to ask the witness, Wagner, whether the Waltz note was in fact cancelled. by the credit of $86 applied to the plaintiff's account for bricks.

*6th Exception.*—We find no error in this exception. The answer to the inquiry proposed in this exception would have been nothing more or less than the opinion of the witness, and therefore inadmissible.

We see no objection to the evidence offered under the seventh, eighth and ninth exceptions The defendant was having a house built, and in the suit against him before the justice of the peace, he was charged with having the use of the plaintiff's cart two weeks, and wagon one day, in hauling bricks, &c., for this house. Now, for the purpose of showing the circumstances which induced the defendant to believe that the plaintiff had testified falsely before the justice of the peace, it was clearly competent for him to prove by Murphy, that under witness' contract with the defendant, he was obliged to haul the bricks, and that he borrowed and used the plaintiff's wagon for that purpose.

The objection to the evidence offered in the tenth exception, was properly overruled. The motive which operated upon and induced the defendant to have the plaintiff arrested on the charge of perjury, was directly involved in the issues before the jury, and being a competent witness under the Evidence Act, the defendant had the right to explain to the jury the motives under which he acted.

The evidence offered under the eleventh and twelfth exceptions, was irrelevant, and therefore properly excluded.

Having thus briefly disposed of the exceptions to the. rulings of the Court upon questions of evidence, we now

come to the law of the case as presented by the several prayers offered by the defendant and granted by the Court.

In the first prayer, the Court instructed the jury, that if there was a settlement between the witness, Doct. W. H. Wagner, and the plaintiff, subsequent to the date of the charges for the cart and wagon, as testified to by the plaintiff before the justice of the peace, and that the witness informed the defendant that he had settled all claims whatever, which the plaintiff had against him ; and that Waltz also informed the defendant that the plaintiff had admitted. to him that all accounts between the plaintiff and defendant had been settled, and the defendant believed these statements, that then he had reasonable and probable cause for believing the plaintiff had committed perjury, when he testified before the justice of the peace, that the defendant had the use of his, plaintiff's cart and wagon, even though the jury should find, that the defendant had the use of the plaintiff's cart and wagon, and the same was not in fact included in the settlement with the witness, Wagner.

In other words, if there had been a settlement between the plaintiff and the witness Wagner, subsequent to the date of the charges for the cart and wagon, and the plaintiff admitted that such settlement embraced all matters of account between him and the defendant, and the latter was so informed and believed, that then he had reasonable ground for believing the plaintiff committed perjury when he testified before the justice of the peace that the defendant was indebted to him for the use of a cart for two weeks and a wagon for one day ; although the jury should find as matter of fact that the charges for the use of the cart and wagon were not included in the settlement. We cannot recognize a standard so unjust and uncharitable by which the actions and motives of men are to be judged. Every day's experience teaches us that mistakes do occur in settlements, even between the most prudent and care-

ful, and items of account are oftentimes inadvertently omitted in settlements which are intended to embrace all the dealings between the parties. And to say in this case, because the defendant had been informed and believed that the settlement made by his brother, Doctor Wagner, with the plaintiff included all matters of account between them, he had, therefore, a reasonable cause for believing the plaintiff committed perjury when he subsequently testified before a justice of the peace that the defendant was indebted to him for the use of a cart and wagon, is a proposition to which we cannot yield our assent. And, especially, when we take into consideration that the charges for the cart and wagon amounted to the paltry sum of three dollars, and which, if recovered, belonged to the bankrupt's estate. Instead of satisfying the defendant that the plaintiff had committed perjury, we think the circumstances were such as to have suggested to a fair and impartial mind that there must have been a mistake in the settlement with Doctor Wagner and that these items had been omitted. It is the well settled law in this State that, in order to constitute a reasonable and probable cause in cases of this kind, the facts and circumstances must be such as not only to create a bare suspicion, but must be sufficiently strong to satisfy a cautious man that the party is guilty of the charge. *Boyd vs. Cross,* 35 *Md.,* 194 ; *Stansbury vs. Fogle,* 37 *Md.,* 369.

For the same reasons, we think the Court erred in granting the third, fourth and fifth prayers. The proof shows that the wagon was used in hauling bricks for the defendant's house, and although it was hired or borrowed by *Murphy, the contractor,* and the defendant was so informed and believed, yet this fact, taken in connection with the facts in the first prayer, would not constitute a probable cause.

We find no error in the fourteenth prayer. If the facts set forth in that prayer be true, and the defendant knew them to be true, then he had probable cause for believing the

plaintiff committed perjury, because they prove the defendant never had use of the cart, and that it was not in fact used in and about the premises.

The eleventh prayer was also properly granted. In order to recover in this case, it was necessary for the plaintiff to prove that the defendant was actuated by *malice* and also without probable cause. If the facts and circumstances were such as to satisfy a cautious person that the plaintiff had committed perjury, the defendant was not liable for damages, although in having the plaintiff arrested he was actuated by malice and a desire to impoverish him. In other words, when the circumstances are such as to constitute a *reasonable* cause the *motive* which actuates a party in having another arrested is altogether immaterial.

There can be no doubt as to the proposition announced in the eighteenth prayer. The fact that the defendant had dismissed the charge of perjury against the plaintiff was not, of course, in itself sufficient evidence to prove that the defendant had not probable cause for instituting the prosecution before the magistrate.

The Court having erred in excluding the evidence offered in the second and fifth exceptions and in granting the first, third, fourth and fifth prayers of the defendant, the judgment will be reversed and new trial awarded.

*Judgment reversed, and*
*new trial awarded.*