## SASSE v. ROGERS.

[No. 6,033.   Filed June 5, 1907.]

1. MALICIOUS PROSECUTION.—*Elements.*—To sustain an action for
malicious prosecution it must be shown that defendant, without
probable cause and with malice, prosecuted the plaintiff, or in-
stituted such prosecution, and that such prosecution terminated
in plaintiff's favor.  p. 199.

2. TRIAL.—*Malicious Prosecution.—Probable Cause.—Questions for Jury.*—In an action for malicious prosecution, the question of probable cause is one for the court, and the other facts are for the jury. pp. 199, 202.

3. MALICIOUS PROSECUTION.—*Plaintiff's Discharge.*—The plaintiff, in an action for malicious prosecution, sufficiently shows a termination of the prosecution against him, when he proves that he was discharged because of insufficiency of the evidence, or because defendant withdrew the prosecution or failed to make any complaint, or to appear against him. p. 200.

4. SAME.—*Want of Probable Cause.*—Want of probable cause, in an action for malicious prosecution, is not shown by proof that the prosecutor voluntarily abandoned or dismissed the cause. p. 200.

5. TRIAL.—*Instructions.—Assuming Facts.*—An instruction that assumes the existence of a controverted fact is erroneous. p. 201.

6. SAME.—*Instructions.—Malicious Prosecution.—Probable Cause. —Advice of Attorney.*—In an action for malicious prosecution, an instruction which bases defendant's contention of probable cause solely upon the advice of his attorney, is erroneous, since probable cause might have existed independently of such advice. p. 201.

7. DAMAGES.—*Excessive.—Malicious Prosecution.*—A verdict for $500, in a malicious prosecution case, is excessive, where defendant was arrested on July 7 for trespass and was discharged on July 11, and lost from his work the intervening days and paid $8 to his attorney for services, no physical or mental pain being shown. p. 202.

From Vanderburgh Circuit Court; *Louis O. Rasch*, Judge.

Action by Solomon W. Rogers against Theodore Sasse and another. From a judgment against Sasse, he appeals. *Reversed.*

*De Witt Q. Chappell, Louis T. Shanner* and *William C. Vawter*, for appellant.

COMSTOCK, C. J.—The complaint alleges that the defendants therein, Annette Sasse and Theodore Sasse, on July 7, 1902, without probable cause, caused the plaintiff to be arrested on a warrant and brought before a certain justice of the peace having jurisdiction in the premises, on the charge of trespass; that the plaintiff changed the venue of said cause to another justice of the peace, and that on the trial of said cause plaintiff was, by the judgment of said court, acquitted and discharged; "that, in consequence of said arrest and

giving bond, he incurred an expense of $15, costs and coun-
sel fees, in defending himself, and was prevented for five
days from transacting his business." Judgment for $1,000
is demanded. The appellant and his codefendant below,
Annette Sasse, answered said complaint by a general denial.
At the close of plaintiff's evidence, the defendant Annette
Sasse moved for a peremptory instruction to the jury in her
behalf, which motion was sustained, and a verdict returned
for her and judgment accordingly on the verdict was ren-
dered in her favor. Defendant Theodore Sasse, at the close
of the trial, moved that the court instruct the jury to return
a verdict for him, but the court overruled this motion and
appellant excepted. The jury thereafter returned a verdict
against appellant for $500, and the court rendered judg-
ment thereon for said sum.

The error assigned and discussed is the action of the
court in overruling appellant's motion for a new trial.
Among the reasons set out in this motion are that the dam-
ages assessed by the jury are excessive, and that the court
erred in giving to the jury certain instructions.

When a person prosecutes another, or causes him to be
prosecuted for an offense of which he is' innocent, when
        he acts maliciously and without probable cause, he is
1.   guilty of a tort and the person so prosecuted may
        maintain an action for malicious prosecution. To
sustain such action the plaintiff must show: (1) That he has
been prosecuted; (2) that the defendant was the prosecutor
or instigator of the prosecution; (3) that the defendant had
no probable cause for doing so; (4) that he acted with
malice; (5) that the prosecution terminated in favor of
the plaintiff.

Whether the defendant had probable cause is a question
        of law for the court. The other facts are to be de-
2.   termined by the jury. Cottrell v. Cottrell (1890), 126
        Ind. 181, 184, and cases cited.

A sufficient termination of the prosecution against the

plaintiff is established when he is discharged by a magistrate, either because of insufficiency of evidence, or because 3. the defendant withdrew the prosecution or failed to make any complaint or to appear. *Venafra* v. *Johnson* (1833), 10 Bing. 301; *M'Donald* v. *Rooke* (1835), 2 Bing. N. C. 217; *Sayles* v. *Briggs* (1842), 4 Met. (Mass.) 421; *Moyle* v. *Drake* (1886), 141 Mass. 238, 6 N. E. 520; *Brown* v. *Randall* (1869), 36 Conn. 56, 4 Am. Rep. 35, and cases cited.

The lack of probable cause is not shown by the abandonment of the prosecution by the prosecutor, by the dismissal of the charge by the prosecutor, by the voluntary dis- 4. continuance of the prosecution, or by dismissal for want of prosecution. *Braveboy* v. *Cockfield* (1842), 2 McMul. (S. C.) 270, 39 Am. Dec. 123; *Flickinger* v. *Wagner* (1877), 46 Md. 580, and cases cited. Appellant consented to the discontinuance of the case, because, as he stated, he did not wish the plaintiff to be punished.

The following facts are shown without contradiction: Theodore Sasse, at the time of the trial, was a man about seventy-five years of age, residing with his wife, Annette Sasse, on a farm owned by her in Gibson county, Indiana. His wife had another separate tract of land more than one and one-half miles away from the home place. This tract of land lies east of the Evansville & Indianapolis Railroad, and had a meadow thereon. Appellant's wife, for fifteen years or more, had been confined to her home and unable to walk by reason of rheumatism. The appellant and his two daughters looked after and principally managed the lands owned by the wife. Appellee, Solomon W. Rogers, in the year 1899, rented this home place from Mrs. Sasse, and a written contract thereof was signed by the parties. In this writing no mention was made of the tract of land lying east of said Evansville & Indianapolis Railroad, nor was it in any way then rented by the appellee. In the year 1899 appellee did

not cut any of the meadow on this land east of the railroad, but in the years 1900 and 1901, as claimed by appellant, he did cut a part of the meadow land on this tract, under a verbal agreement made by the owner and himself. As to whether appellee ever had any license to cut the meadow in 1902 there was a conflict in the evidence. Some time before harvest in 1902 it came to the knowledge of appellant that appellee was threatening to cut the grass in question, and he took counsel with an attorney, in good standing, as to what course he should take to prevent appellee's carrying out his threat. Thereafter, appellee having begun to mow said meadow, appellant, upon the advice of said attorney, caused him to be arrested. He was brought before a justice and gave bond in the sum of $25 for his appearance therein, to answer said charge. Later the venue was changed to another justice in said township, and a like bond given in the sum of $50 for the appearance of the appellee before that justice. On July 11, 1902, the prosecuting attorney, without any trial, dismissed said prosecution, and appellee was at once discharged.

Instruction ten, given by the court of its own motion, is objectionable and misleading, because it assumes that the appellee was the tenant of the wife of appellant, and

5. had a right to go upon said meadow and cut the grass therefrom. The opening sentence of said instruction begins: "If it appear by a fair preponderance of the evidence that the defendant did not know that plaintiff was the tenant of Annette Sasse, and had a right to go upon said meadow and cut the grass therefrom," etc. Whether he had the right as tenant to cut the grass was the question at issue.

Instruction fourteen, given by the court, bases appellant's defense solely upon the advice of counsel. This was

6. error. Probable cause might have existed independently of the advice of counsel.

He was arrested July 7 and discharged July 11, 1902. He

202 APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. v. Formes—40 Ind. App. 202.

testified that he did nothing between these days; that his own services and the services of his team were worth $3 a day, and that he paid $8 to his attorney. He made no claim for damages other than above stated. In his arrest there was no element of humiliation. Nothing was claimed for physical or mental pain. Upon the showing made by appellee, the sum assessed by the jury was excessive.

The Supreme Court in *Cottrell* v. *Cottrell, supra*—an action for malicious prosecution—say: "It was the duty of the court to state in hypothetical form the material facts which the evidence tended to establish, and give them positive instructions as to whether, upon the state of facts assumed, there was probable cause. And if there was conflicting evidence, it was the duty of the court to charge the law upon the conflicting theories." In the instructions given in the case at bar the court seems not to have complied with this requirement.

Without passing upon other alleged errors, and without intimating any opinion as to the merits of the cause, the judgment is reversed, with instructions to sustain appellant's motion for a new trial.