JOHN'S CASH FURNITURE STORES, INC., ET AL. *v.*
MITCHELL.

[No. 18,527.  Filed April 18, 1955.  Rehearing denied June 10,
1955.  Transfer denied February 20, 1956.]

232

*Johnson & Austin,* of Anderson, for appellants.

*Grace B. DeArmond, Lawrence Booram,* and *DeArmond, Booram & DeArmond,* of Anderson, for appellee.

KELLEY, C. J.—Action by appellee against appellants by complaint in three paragraphs. The first paragraph of the complaint was for false imprisonment, the second paragraph for trespass to personal property, and the third paragraph for malicious prosecution. The issues were appropriately closed and submitted to trial by a jury. The jury returned a general verdict: "We, the Jury, find for the plaintiff (appellee) against all defendants and that she recover from the defendants by way of damages, the sum of $3,000.00." Appellants' motion for a new trial was overruled, hence this appeal.

The new trial motion asserts that the verdict is contrary to law, that the court erred in refusing to sustain appellants' motion for a directed verdict, and complains of the giving of certain instructions over appellants' objection and the refusal to give certain of appellants' tendered instructions.

Appellee urges that the appeal be dismissed or the judgment affirmed on the asserted grounds that the evidence is not in the record, that certain exhibits are omitted and others are improperly inserted in the transcript, and that appellants' brief is defective in certain particulars.

We have carefully examined and considered the various insufficiencies suggested by appellee. While it must be conceded that appellants' brief leaves much to be desired in model presentation, yet we are of the opinion the brief evinces a good faith effort, sufficient to enable us to comprehend the matters in issue.

Appellee says the evidence is not in the record because the clerk's certificate does not certify that a bill of exceptions containing the evidence was filed with him. In his certificate the clerk states, "I further certify that the above and foregoing Bills of Exceptions were filed with me on the 11th day of January, 1954." There were only two bills of exceptions, one contained the evidence, the other the appellants' objections to certain instructions. The clerk's certificate recites that the "Bills of Exceptions" were filed with him. We hold such to be sufficient to show the filing with him of the Bill of Exceptions containing the evidence.

Appellee further contends that the judge's certificate fails to show the tendering to him of a bill of exceptions of the evidence or that he ordered the same filed as a part of the record. Said judge's certificate, appearing at the conclusion of the evidence in the record, certifies that "the above and foregoing is a true, correct and complete transcript of all the evidence taken in said cause" by the official reporter "and includes all the objections stated, rulings of the court thereon and all the evidence given in said cause." Said certificate bears the seal of the court and is signed by the judge under date of December 2, 1953.

Rule 2-3 provides that "Every bill of exceptions tendered . . . shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by . . . the clerk's certificate." The judge's certificate is

a part of the bill of exceptions. The bill of exceptions (designated as "Transcript of evidence") bears the clerk's stamp, "Filed in Superior Court, Madison County, Jan. 11, 1954—Joseph H. Armington, Clerk." Thus it appears that the judge signed and certified to the transcript of the evidence on December 2, 1953, and that it was filed with the clerk on January 11, 1954, as evidenced by the clerk's certificate and file stamp. That the bill was filed with the clerk is sufficiently shown. *Walner* v. *Capron* (1946), 224 Ind. 267, 274, 66 N. E. 2d 64. The fact that the trial judge signed the bill of exceptions implies that it was tendered to him for settlement and his settlement is evidenced by his certificate that it is a "true, correct and complete" transcript of "all the evidence" given in the cause.

Although the instrument containing the evidence is entitled "Transcript of evidence" and is so referred to in the judge's certificate, it purports to be a bill of exceptions and is referred to as such in the clerk's certificate. Such title and reference cannot change the character of the instrument. *Oster* v. *Broe* (1903), 161 Ind. 113, 122, 64 N. E. 918. See, also, *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 543, 38 N. E. 2d 847, where the judge's signature was held to make a reporter's transcript a bill of exceptions.

Such exhibits as are material to a consideration of this appeal are copied in the bill of exceptions containing the evidence. Therefore, the placement of the originals in the transcript is not fatal.

It is patent on the face of the record that the verdict of the jury, as rendered, is contrary to law, and, consequently, the judgment appealed from must be reversed. The first and third paragraphs of the complaint proceed upon alleged causes of action for injury to the

person, and the second paragraph counts upon trespass and damage to personal property. All of the appellants are named as joint defendants to the action.

At the conclusion of all the evidence, the appellee, with approval of the court, filed her amended complaint to conform to the evidence. This complaint, therefore, became appellee's last amended complaint and stands as the one stating appellee's causes of action. There is no allegation or statement of facts in the complaint showing that the causes of action alleged upon arose out of the same transaction.

The first and third paragraphs of said complaint, amended to conform to the evidence, as aforesaid, state no cause of action against the appellant, C. Edward Corps, and the evidence does not disclose that said appellant, C. Edward Corps, had or took any part in or was in any way connected with the alleged false imprisonment and malicious prosecution of appellee. As to the second paragraph of complaint, the record shows that said appellant, C. Edward Corps, signed the complaint for replevin of the furniture and household equipment in possession of appellee and which she alleges was trespassed upon and damaged by the apellants.

It is apparent that but for the provisions of §2-304, Burns' 1946 Replacement, Acts 1937, Ch. 68, §1, there would have been in this proceeding a misjoinder of causes of action and of parties, and it would be impossible for us to determine how much of the judgment should be charged against said appellant, C. Edward Corps, alone, and how much against the other appellants. *Tobin and Wife* v. *Connery and Wife* (1859), 13 Ind. 65.

Prior to the enactment of the aforesaid statute, appellee could not have joined in one complaint an action

for injuries to the person and an action for damage or injury to property. §2-301, Burns' 1946 Replacement, Acts 1881 (Spec. Sess.), Ch. 38, §106. Said §2-304, Burns' 1946 Replacement, reads as follows:

"Hereafter the plaintiff, by his complaint, may unite, in one pleading for affirmative relief, in separate paragraphs thereof, a cause of action for injuries to person and a cause of action for damage to property, where such causes of action so pleaded arose out of the same transaction; and where such paragraphs of complaint are submitted for factual findings, the court in its decision and the jury by its verdict, as the case may be, *shall designate therein the finding on each separate cause of action.*" (Our Emphasis)

The case at hand demonstrates the wisdom of the provisions of said statute. The record not only shows an insufficiency of the evidence to sustain a verdict against appellant, C. Edward Corps, on the first and third paragraphs of the complaint but it further appears therefrom that the cause of action for malicious prosecution pleaded in the third paragraph of said complaint was not maintained by appellee's evidence. The Justice of the Peace, as appellee's own witness, testified, on cross-examination, concerning the criminal charge against appellee, "It has never been tried and has not been dismissed." To sustain an action for malicious prosecution, one of the essential elements which must be proved is that the prosecution terminated in favor of the plaintiff. *Sasse* v. *Rogers* (1907), 40 Ind. App. 197, 199, 81 N. E. 590. We further note that appellee, in her brief, asserts that the warrant pursuant to which appellee was apprehended, was void. If appellee was imprisoned upon a void warrant, then her action must be for false imprisonment and not

malicious prosecution. *Batten* v. *McCarty* (1927), 86 Ind. App. 462, 467, 468, 158 N. E. 583.

The verdict in this action was general and the provisions of said statute requiring a finding by the jury on each separate cause of action were not complied with. It follows that the verdict was contrary to law and the judgment rendered thereon cannot be upheld. Appellants' motion for a new trial should have been sustained.

In view of the conclusion we have reached, it is unnecessary to consider other errors urged by appellants.

Appellee asserts that appellants have not argued their charge that the verdict is contrary to law. While we are not required to search for errors not made manifest in the record as it is presented to us, we are not so restricted that we must close our eyes to that which is clearly before us. If we were limited entirely to the argument of counsel in reaching our decisions, to the exclusion of our own observation, we would many times permit gross injustice to prevail, and our oath to discharge our duties honestly and impartially would be a fruitless, futile and hypocritical gesture.

Judgment reversed, with instructions to sustain appellants' motion for new trial.


ON PETITION FOR REHEARING

KELLEY, J.—Appellee's petition for rehearing, in addition to claiming that we erred in holding that the Bill of Exceptions containing the evidence is a part of the record, asserts that we erred in holding that the jury's verdict, as rendered, was contrary to law and that in doing so we contravened a ruling precedent of the Supreme Court, to-wit: *McCague* v. *N. Y. C. &*

*St. L. R. Co.* (1947), 225 Ind. 83, 71 N. E. 2d 569, 73 N. E. 2d 48.

The case cited and relied on by appellee was a negligence action for personal injuries and automobile damages resulting from a crossing accident. The appellant, in that case, claimed that the last instruction given by the court should have included a "form of verdict" applicable to the second paragraph of complaint as well as the one tendered for use in regard to the first paragraph. The court, in the McCague case, held that if appellant desired a form of verdict for the *permissive* use of the jury with regard to the second paragraph of complaint, the appellant should have offered it. From this, appellee argues that the appellants, in the instant case, did not tender "such form for the permissive use of the jury" and, therefore, we erred in holding in the main opinion, that the verdict was contrary to law because the jury did not find on each separate cause of action as required by §2-304, Burns' 1946 Replacement.

Acts 1943, ch. 227, §1, §2-305, Burns' 1946 Replacement, took effect November 3, 1943, and the complaint in the McCague case was filed January 28, 1944. Although not so stated in the opinion, it sufficiently appears from the record thereof that both "such elements" of damages (personal injury and property) claimed by the appellant in that action to have resulted from appellee's alleged negligence were united under the authorization of said statute. Said statute, §2-305, contained no provision requiring the jury by its verdict to designate the finding on each separate cause of action, as does said §2-304, Burns' 1946 Replacement, pursuant to authorization of which appellee's causes of action were united in one complaint in the cause before us.

It follows, then, that the McCague case relied upon by appellee, is no authority for her said contention in the rehearing petition, and that we have not contravened a ruling precedent, as contended by appellee.

Appellee, this time relying upon the opinion on the rehearing petition in said McCague case, says we contravened said authority when we said in the main opinion that we were not required to close our eyes to errors apparent upon the record before us. Appellee quotes extensively from said rehearing opinion on the question of the requirement of compliance with the rules. The court stated that it would be a violation of the rules to determine questions not raised and that no error with respect to the giving of instructions is available except upon specific objections made thereto.

Such was not the principle applicable to the matter we decided. In the record before us in the appealed cause we decided that the verdict upon which the judgment for appellee was rendered did not conform to the statutory requirement. Appellants specified in their new trial motion that the verdict was contrary to law. The record disclosed that the verdict did not designate the finding on each separate cause of action as was made mandatory by the statute. Therefore, in our opinion, we conceived the verdict to be contrary to law. The deficiency was not just a matter of form as appellee seems to contend. Rather, there was an entire failure to comply with the specified legal requirement. That failure went to the substance, not just the form. And we cited the insufficiencies in the evidence, not for the purpose of deciding whether the verdict was sustained thereby, but to illustrate the danger of the failure to meet the demands of the statute.

There is nothing in the case cited and relied upon by appellee which makes our holding, under the circumstances mentioned, a contravention of the principle there enunciated. Our courts, of course, cannot and will not apply or refuse to apply the rules of court in such fashion as to favor one litigant over the other. But when the very verdict itself is in bold resistance to the mandate of the statute, and we observe and know that such is the fact, do we not, by ignoring the palpable error, thereby grant a precedent, in favor of appellee, upon which future error of the same kind and magnitude may be rested with impunity? If the function of our courts be no more potent than appellee suggests then, indeed, has justice, as judicially administered, become ready for a new and diverse appellation.

With respect to our holding that the Bill of Exceptions containing the evidence was a part of the record, appellee urges nothing additional to that contained in her answer brief. Thus, in that regard, we perceive no reason made apparent by appellee which leads to an alteration of our opinion, as announced.

In her brief in support of her petition for rehearing, appellee indulges in points not asserted in her petition. Therefore, we find no compulsion for considering such points.

The petition for rehearing is denied.

Royse, J., holds petition should be dismissed for non-compliance with the rules of the court.

NOTE.—Reported in 125 N. E. 2d 827.

Rehearing denied 127 N. E. 2d 128.