ADAM CHAPMAN, ADMINISTRATOR,

v.

WILLIAM B. BARNES.

*Administration — Claim for Board and Nursing— Relationship—Instructions—Evidence.*

1. This court, upon a review of the evidence, sustains a claim against the estate of an aunt of the claimant for board and nursing in the last illness of the deceased, there having been in the minds of the parties the purpose to make and receive payment for the extraordinary services rendered by the claimant.

2. The appellant can not complain of errors in the instruction given for the appellee, when like errors appear in those given at his request.

3. In the case presented, the instructions given at the instance of both parties were too numerous and contained too many references to specific matters of evidence.

[Opinion filed September 21, 1888.]

APPEAL from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. MARK MEYERSTEIN, for appellant.

Messrs. WITHERS & HENSHAW, for appellee.

WALL, P. J.  The appellee presented a claim against the estate of Hannah Chapman, deceased, for board and personal

Chapman v. Barnes.

services in nursing and caring for the deceased during sickness. The case was tried by jury and resulted in a verdict and judgment for appellee for $700. The deceased was the aunt of appellee's wife. She was never married, had some money of her own, amounting to about $2,000, which at the time of her death was loaned, and for which she held promissory notes. She resided for a number of years, ten or more, in the family of appellee, and there is much in the evidence to induce the belief that for a great part of that time she was regarded as a member of the family. At least there was no specific agreement or declaration to show that there was any expectation of making payment on her part, or of receiving compensation on part of appellee, until near the close of her life, when she repeatedly said she could never repay appellee for what he had done for her, but that she intended to give him all she had.

These declarations mainly referred, we presume, to the personal care and nursing she received from him during a long and distressing illness, which extended over several months of the last year of her life. She was afflicted with a disease known as phlegmonous erysipelas, which was loathsome and infectious, required frequent dressing, and this involved more or less risk to the nurse.

One of the children of appellee was infected with the disease as the evidence tended to prove, and there can be no doubt the services which were rendered to the deceased during this illness were not only indispensable, but were of a very unusual nature and worthy of unusual compensation. It can hardly be supposed that they were rendered without purpose or expectation of compensation, in view of the situation of the parties ; and, without referring to details, unimportant, many of them, we are satisfied there was such purpose and expectation. The chief, tangible proof on this point, consists of the declarations above referred to, and of the effort to make a gift *causa mortis* to appellee of the notes held by the deceased. This gift failed, owing to the legal technical objections interposed on behalf of the heirs of the deceased, and thereupon the present claim was presented against the estate.

In this respect the case of Freeman v. Freeman, 65 Ill. 106, is in point, where it appeared that the deceased frequently avowed his intention to compensate the claimant by devising his farm to him on account of extraordinary services rendered to the deceased. The evidence in this record, when all considered, supports the conclusion that there was in the minds of the parties a purpose to pay and receive pay for the extraordinary care rendered during the last year, and, in view of the highly meritorious nature of the claim and of the value placed upon the services by the deceased, we are not disposed to cut down the allowance made by the jury, even if it be assumed that for the previous period the situation is such as to exclude the idea of compensation.

There are many objections urged in regard to the admission of evidence and to the instructions given at the request of appellee. The evidence objected to is chiefly the opinions of witnesses as to the value of the services, and the declarations of the deceased and the effort she made to give her property to the appellee in payment of what he had done for her. There seems to be no substantial reason for excluding any of this proof.

The instructions are objected to because they are not sufficiently supported by the evidence and because they call attention, specially, to certain matters of testimony supposed to be worthy of consideration. The latter objection has some force, and were it not for the fact that this vicious feature appears also in the instructions asked and given on behalf of appellant we should regard it with more favor than we do.

The instructions on both sides were too numerous and contained too many references to specific matters of evidence, and were the fault on one side alone, we should hesitate; but as it is, and in view of the result, which, in our opinion, is a just one, we think the objection should be overruled. The judgment will be affirmed.

*Judgment affirmed.*