## East St. Louis Connecting Railway Company v. Susan P. Allen.

1. INSTRUCTIONS—*Who Can Not Complain.*—A party who asks and causes the court to give instructions upon a certain theory, can not complain of instructions on the same theory when given at the instance of the other party.

2. SAME—*Errors Which Do Not Mislead.*—Where the court is satisfied that the jury have not been misled by an instruction to the prejudice of the opposite party, the judgment will not be reversed.

East St. Louis Connecting Ry. Co. v. Allen.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

*Appellee's seventh instruction:*
VII. The court further instructs you that if you believe from the evidence that any person who has testified before you as a witness in this case, has willfully sworn falsely as to any matter material to the issues in this case, then you are at liberty to disregard the evidence of such witness, except in so far as you may find it to be corroborated by other credible evidence given before you in this case.

CHARLES W. THOMAS, attorney for appellant.

GEO. C. REBHAN and WISE & McNULTY, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellee and her husband, while riding in a wagon, were injured by a collision with one of appellant's trains of cars.

The facts in this case are practically the same as in the case of appellant against E. P. Allen, the husband of appellee, decided at the present term. We deem it unnecessary to rehearse the evidence, but refer to the opinion in the case just mentioned for the statement of the facts. We think the evidence justifies the verdict in this case.

All questions relating to the pleadings, and to the admissibility of evidence as being part of the *res gestae*, have been considered in the E. P. Allen case, and there disposed of adversely to the contention of appellant's counsel. A repetition of our views upon the questions would answer no useful purpose.

The objection to appellee's first instruction is that she had nothing to do with the manner in which the team approached the crossing, for the reason that her husband was driving, and that it was error, therefore, to tell the jury that due care and caution on her part must be shown to authorize a recovery. Then why did counsel for appellant cause the same question to be submitted to the jury in appellant's fifth instruction, which told the jury

that it was incumbent on appellee to prove that she was in the exercise of reasonable care at the time of the injury and that appellant's servants were guilty of negligence? A party who asks, and causes the court to give, instructions upon a certain theory, can not complain of instructions on the same theory when given at the instance of the other party.

It is said that appellee's third instruction is erroneous as being a *resumé* of the whole case and as assuming that there was evidence on certain points, when there was no evidence on those points whatever. We think that there was evidence to sustain the hypothesis stated by the instruction, and that, if the jury found the facts to be as supposed in the instruction, appellee was entitled to a verdict.

The objection to appellee's fourth instruction is that it authorizes, among other elements of damages, the recovery of "necessary expenses in and about being treated for and cured of" the injuries sustained, "so far as all these things, if. proved, may be shown by the evidence." It is said that there was no evidence to show what, if anything, was expended in the treatment of appellee. The clause as to expenses should have been omitted from the instruction; and yet we are satisfied that the jury were not misled thereby to the prejudice of appellant in the assessment of damages. The amount of the verdict was very moderate under the circumstances. Error which works no actual injury can not be used to procure the reversal of a judgment.

It is affirmed that appellee's seventh instruction should not have been given because it was directed at one of appellant's witnesses. The instruction mentions no name. There was evidence upon which to base it, and it contained all the elements which are necessary to authorize the rejection of the testimony of a witness who has willfully sworn falsely on a material point. The instruction was properly worded and qualified, and we do not believe that it was error to give it.

Upon careful consideration of the record, we see no reason why the court should have given any of appellant's refused instructions.

The judgment is affirmed.