### Henry M. Fitzpatrick v. Bloomington City Railway.

1. QUESTIONS OF FACT—*Province of the Jury.*—The decisions of controverted questions of fact is intrusted by our laws to the jury and its decision is final unless passion, prejudice, or partiality appear to have controlled its action.

2. EVIDENCE—*Contradicting Statements of Witnesses.*—When the plaintiff is permitted to contradict the testimony of the defendants' witnesses concerning statements made by him, it is proper that he should be confined to such contradiction and not be allowed to make additional statements.

Fitzpatrick v. Bloomington City R'y.

3. NEGLIGENCE—*A Question of Fact.*—It is error to instruct a jury that certain facts proven do not constitute negligence as it takes from the jury the determination of the question of whether or not the defendant was guilty of negligence, which is a question of fact for the jury to determine from all the evidence in the case.

4. SAME—*Habits of Employees.*—Evidence to show the habits of a motorman operating an electric car as to the use of intoxicating liquor prior to the day of an accident is improper, but otherwise as to his condition as to such use on the day of the accident.

5. RULES—*Of Railroad Companies, Government of Employees, Inadmissible.*—To allow a railroad company to show by its rules that an employee (a motorman) was required to perform certain acts (sound a gong) on certain occasions, is error, but not reversible error.

6. INSTRUCTIONS—*Error in, Cured.*—A party who encourages a trial court to give an instruction wrong in principle can not be heard to complain of it.

Trespass on the Case, for personal injuries. Error to the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

KERRICK & BRACKEN, attorneys for plaintiff in error.

ROWELL, NEVILLE & LINDLEY, attorneys for defendant in error.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This is an action on the case brought by plaintiff in error in the Circuit Court of McLean County, to recover for the alleged negligence of the Bloomington City Railway Company, a corporation operating an electric street railway in the city of Bloomington whereby plaintiff in error lost his left hand.

There were four counts in the declaration, to the first of which a demurrer was sustained and a plea of not guilty filed to the remaining three.

In the second count it was charged that the motorman carelessly, negligently, unnecessarily, and improperly ran and drove his car at a high rate of speed along

518      APPELLATE COURTS OF ILLINOIS.

VOL. 73.]      Fitzpatrick v. Bloomington City. R'y.

the portion of street where plaintiff was working with his team, and that the high rate of speed, together with the great and unnecessary noise occasioned thereby, frightened plaintiff's horses.

The third count charges that the motorman unnecessarily and improperly, loudly and continuously sounded the gong of the car whereby plaintiff's horses took fright.

The fourth count is a combination of the second and third charging that the motorman drove his car at such a high and unnecessary rate of speed and so loudly, continuously and unnecessarily sounded the gong or bell that plaintiff's horses became frightened, etc.

Each count alleges that the plaintiff at the time of the injury was in the exercise of due care and caution for his own safety.

The case was tried with a jury that rendered a verdict in favor of the defendant in error. Judgment was entered upon the verdict and the defendant in error brings the case to this court by a writ of error.

Succinctly stated, the plaintiff in error received his injuries in the following manner:

On the morning of May 15, 1896, the plaintiff in error commenced hauling dirt on Chestnut street in the city of Bloomington, which was being put in piles by some forty odd men. He was using a pair of driving horses, and this was the first day they had been used at this kind of work.

The defendant in error operated a street car line along through Chestnut street. The dirt that was being put in piles and hauled away was between Mason street on the east and Allin street on the west. The injury was received about half past nine o'clock and the street cars had made ten trips past this point. At each time they passed, plaintiff in error's team had manifested some fright.

At each time, while approaching where the men were at work, at the crossings of Mason and Allin streets, the motorman rang the foot gong and continued to do it while passing through the gang of men working on either side of the track. When the car was within twenty-five or thirty feet of the team they became frightened and started to run. Plaintiff in error was standing on the dump boards of his wagon with the lines in his left hand and his whip in his right, which he had been using. The team wheeled and ran up and across the lawn space elevated some two feet above the street, thence across the sidewalk and into the fence, where they turned, so cramping the "dump boards" of the wagon as to throw plaintiff in error out, and ran back toward the street, passing between two telegraph poles about ten feet apart, between one of which, and the tire of one of the rear wheels of the wagon, his left forearm and wrist were caught and so mashed that amputation was necessary.

There was a sharp conflict in the testimony as to the rate of speed the street car was moving and as to how the gong was sounded, as the car was approaching plaintiff in error's team when they became frightened and ran away. In fact, this is true of every issue of fact raised in this case.

If the jury had found their verdict for plaintiff in error, we think it could have been held, because sustained by the evidence, and we think this is equally true as to the verdict found by the jury for the defendant in error.

It is a well settled rule in this State by the Supreme and Appellate Courts and so familiar that a citation of authorities is unnecessary, that the decision of controverted questions of fact is intrusted by our laws to a jury, and its decision is final unless passion, prejudice or partiality appear to have controlled their action.

There is no suggestion that anything of this kind occurred in this case.

It is claimed improper evidence was admitted on behalf of the defendant in error, and proper evidence excluded, offered on behalf of the plaintiff in error.

. The witness Musick was asked in his examination by defendant in error to state what plaintiff in error said to him about not wanting to work this team that day: "I did not want to work that team this morning. I knew something would happen."

Plaintiff in error was permitted to contradict this statement. He claims that he should have been allowed to state something else he said at this time. We think the ruling of this court was correct in not allowing him to make the additional statement.

The plaintiff in error sought to prove what the habits of the motorman were as to the use of intoxicants prior to the day of the accident. This the court excluded, but allowed him to show his condition as to the use of intoxicants on the day of the injury. In this ruling there was no error.

It is urged that the court below erred in allowing the defendant in error to prove that its motorman was required by the rules of the company to sound the gong continuously in approaching a street crossing and where men were working. This proof was permissible to show there was nothing more done on this occasion than was usual. The admission of this testimony was not reversible error.

Complaint is made by the plaintiff in error that erroneous instructions were asked and given by the court on behalf of the defendant in error. In all these instructions, except those announcing propositons of law (and these were bad for that reason) the court instructed the jury that certain facts proven did not constitute negligence, or even though certain facts were proven,

the defendant was not liable, thereby taking from the jury the determination of the question of whether the defendant was guilty of negligence or not. This is a question of fact for the jury to determine from all the evidence in the case. It is not the duty of the court to tell the jury that certain facts do or do not constitute negligence. Pennsylvania Co. v. Frana, 112 Ill. 398; O. & M. R'y Co. v. Waugelin, 152 Ill. 138; N. Y. C. & St. L. R. R. Co. v. Blumenthal, 160 Ill. 40. The same error pervades all of the plaintiff in error's instructions, except the first and second. The court instructed the jury certain facts constituted negligence. Committing the same error that is committed in defendants in errors instructions, taking from the jury the determination of the question of negligence.

Having led the court into this error, the plaintiff in error should not now be heard to complain.

"A party who has encouraged the trial court to give an instruction wrong in principle can not be heard to complain of it." McMahon v. Sankey, 35 Ill. App. 341; I. C. R. R. Co. v. Latimer, 128 Ill. 163; Chapman v. Barnes, 29 Ill. App. 184; Consolidated Coal Co. v. Haenni, 146 Ill. 614. (See cases cited in this opinion). L. E. & W. R. R. Co. v. Middleton, 142 Ill. 550; East St. Louis Connecting R'y Co. v. Allen, 54 Ill. App. 32.

Both parties having led the court into the same error in principle, neither can now take advantage of their own wrong.

The judgment of the Circuit Court will be affirmed.