No. 14,591.

## COTTRELL *v.* COTTRELL.

MALICIOUS PROSECUTION.—*Complaint.*—*Sufficiency of.*—In an action for malicious prosecution a complaint which charges that the defendant maliciously, and without probable cause, procured the plaintiff to be arrested on a warrant and brought before a justice of the peace having jurisdiction in the premises, upon a charge of kidnapping, and alleges that the plaintiff was acquitted and discharged by said justice, is sufficient as against a demurrer.

SAME.—*Probable Cause.*—*Question of Law for Court.*—In an action for malicious prosecution, what constitutes probable cause is a question of law for the court, and the court may not by an instruction delegate to a jury the right to determine it.

SAME.—*Acquittal by Justice of Peace.*—*Instruction.*—In such action it was proper to instruct the jury that the justice's record showed a trial and an acquittal of the plaintiff.

JUSTICE OF THE PEACE.—*Entry of Judgment of Acquittal.*—*Ministerial Act.*— The entry of a judgment by a justice of the peace is not a judicial, but a mere ministerial act, which the justice may make at any time.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown*, for appellant.

*J. H. Mellett*, *C. S. Hernly* and *S. H. Brown*, for appellee.

BERKSHIRE, J.—This was an action for malicious prosecution. There was a jury trial, and a verdict and judgment for the appellee.

The errors assigned are: 1. The court erred in overruling the demurrer to the complaint. 2. In overruling the motion for a new trial.

We will only notice the question to which our attention is called by the appellant's brief. We think the complaint stated a cause of action. It charges that the appellant maliciously, and without probable cause, procured the appellee to be arrested on a warrant and brought before a justice of the peace having jurisdiction in the premises, upon a charge of kidnapping, and contains the further allegation: That

she was acquitted and discharged by said justice. If there is any infirmity in the complaint it is because the averments are not sufficiently specific, which is an objection which can not be taken advantage of by a demurrer.

The first question raised by the motion for a new trial to which our attention is drawn, is as to the propriety of the ruling of the court in admitting in evidence the docket entry made by the justice of the peace relating to the trial of the criminal prosecution.

The justice was called to the witness-stand, and inquired of if the affidavit upon which the criminal prosecution rested was filed before him, and he answered that it was. And the affidavit having been introduced in evidence, he was next inquired of as to what he did when the affidavit was filed, and his answer was that he issued a warrant.

The warrant was identified by the witness, and introduced in evidence, and also the endorsement of the return made by the constable.

The witness was then inquired of if the appellee was brought before him in obedience to the command of the warrant, and answered that she was.

He was then asked if he made any record of his proceedings, and answered that he had not.

The witness was then inquired of if the appellee was tried before him upon the affidavit, and the appellant objected.

The court sustained the objection, holding that parol evidence was not competent to prove the trial and discharge of the appellee before the justice of the peace.

It was then suggested by the court that the record could be made by the justice at any time, and thereupon the justice made a record in his docket of the proceedings had before him, and over the objection of the appellant the same was introduced in evidence.

We think there was no error in this ruling of the court.

The entry of the judgment was not a judicial, but a mere ministerial act, which the justice might perform at any time.

The oral judgment which the justice announced at the time he discharged the appellee was the exercise of judicial power, but the entry on the docket constituted mere evidence of the judicial action of the court.

In the higher courts there is a clerk to record the proceedings of the court, yet it will not be pretended that he exercises judicial functions; the record which he makes constitutes but the evidence of the judicial action of the court.

The justice of the peace has no clerk other than himself, but nevertheless his clerical duties are but ministerial. The case of *Martin* v. *Pifer*, 96 Ind. 245, and authorities cited, fully support our conclusion. But we think it would not have been error had the court admitted the parol evidence offered as to the trial of the criminal prosecution before the justice of the peace in the absence of a record, which would have been the best evidence. As the judicial proceedings before the justice rested in parol only until the ministerial act was performed necessary to create written evidence thereof, coming, as they did, in question collaterally, we can imagine no good reason for excluding parol evidence.

Of course such evidence is only competent when the proceedings of the court come in question collaterally.

It is urged that the court erred in refusing to allow the appellant to introduce evidence as to what others had informed him as to the conduct of the appellee calculated to induce him to believe she was guilty of the crime charged against her before he instituted the prosecution. No such question is presented in the record. We have examined the record carefully, and especially that part of it to which our attention is called.

This brings us to instruction No. 6, given by the court to the jury. By this instruction the jury were told, among other things, as follows:

" If, on the other hand, when the defendant inquired for the children, if so he did, he was informed in good faith by the mother that she had the children, and if they wished to

return with him they could do so, but if they did not he would have to walk over her dead body to get them, this is a fact you may consider as tending to show want of probable cause."

The instruction was erroneous.

It is well settled law that as to what constitutes probable cause is a question of law for the court.

The well considered case of *Pennsylvania Co.* v. *Weddle*, 100 Ind. 138, collates the authorities, and is a valuable discussion of the subject.

The court refers to certain isolated facts in this part of the instruction under consideration, and informs the jury that if they find the facts to which it refers to exist, they may consider such facts as tending to show want of probable cause, thus leaving it to the jury to say whether there was, or was not, probable cause. By this instruction the court delegated to the jury the right to determine the legal question of probable cause.

The instruction gave the jury to understand that they might, or might not, in their discretion, find the absence of the element of probable cause in case they found that certain facts to which their attention was called had been proved.

The instruction was calculated to mislead the jury ; they might readily conclude therefrom that in case they found the facts named in the instruction they might disregard all the other evidence in the case and find that there was an absence of probable cause. Had the court, in recognition of its right to determine as a question of law from the facts proved the presence or absence of probable cause, informed the jury that the facts stated in the said instruction proved a want of probable cause, in disregard of the other evidence in the case, it would have been error, and the instruction as given was equally, if not more, objectionable.

It was the duty of the court to state in hypothetical form the material facts which the evidence tended to establish, and give them positive instructions as to whether, upon the state

Huber v. The State.

of facts assumed, there was probable cause. And if there was conflicting evidence, it was the duty of the court to charge the law upon the conflicting theories. *Pennsylvania Co.* v. *Weddle, supra.*

We do not think the court erred in giving the seventh instruction.

The substance of this instruction is that the justice's record showed a trial and an acquittal. It was a question for the court to construe and determine the legal effect of the record.

We need not call especial attention to the instructions asked by the appellant. In view of the evidence we do not think there was any error in their refusal.

For the error indicated the judgment must be reversed.

Judgment reversed, with costs.

Filed Nov. 24, 1890.