## TAYLOR *v.* THE BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COMPANY.

[No. 2,345.   Filed January 4, 1898.]

MALICIOUS PROSECUTION.—*Malice.*—*Probable Cause.*—In an action for malicious prosecution it must be shown that the prosecution was instituted maliciously and without probable cause.   *pp. 692, 693.*

SAME.—*Malice.*—*Question for Jury.*—Malice is a fact to be found by the jury in an action for malicious prosecution, and it is error for the court to instruct the jury as to the sufficiency of the evidence to establish malice.   *p. 693.*

SAME.—*Probable Cause.*—*When Question for Court.*—When the facts are found, and are beyond dispute, in an action for malicious prosecution, the question as to whether such facts constitute probable cause is a question of law to be decided by the court.   *p. 693.*

SAME.—*Interrogatory.*—*Answer.*—Where in the trial of an action for malicious prosecution the jury in answer to an interrogatory, volunteered the additional answer, not elicited by the question, that such prosecution was without probable cause, such answer is properly disregarded by the court.   *pp. 693, 694.*

From the Sullivan Circuit Court. *Affirmed.*

*James S. Pritchett* and *Briggs & Lindley,* for appellants.

*W. H. DeWolf, Gardiner & Gardiner, John T. Hays* and *E. W. Strong,* for appellee.

HENLEY, J.—Action by appellant against appellee to recover damages for alleged malicious prosecution. There was a trial by jury and a special verdict returned.   A motion for judgment by the appellant was overruled, and a similar motion by appellee was sustained and judgment rendered against appellant, plaintiff below, for costs.   From this judgment the appeal is prosecuted to this court.   The only ruling of the lower court which appellant complains of here is the overruling of appellant's motion for judgment upon the special verdict.

In this class of cases the prosecution must be shown

to have been instituted maliciously, and without probable cause. *Paddock* v. *Watts*, 116 Ind. 146; *Seeger* v. *Pfeifer*, 35 Ind. 13.

It is also one of those cases founded upon a prosecution set on foot by the appellee for a wrong that affects the public, and therefore the appellee should stand on the footing of the most favored class of prosecutors. *Adams* v. *Lisher*, 3 Blackf. 241.

Malice is a fact to be found by the jury, and if the court by instructions undertakes to inform the jury what evidence is sufficient to establish malice, the court in doing so is invading the province of the jury, and the action of the court would be error. *Allison* v. *State*, 42 Ind. 354.

Probable cause is a legal conclusion to be drawn by the court from the facts, and where the facts are found, and are beyond dispute, as is the case where a jury returns a special verdict, the question of whether the undisputed facts do or do not constitute probable cause, is a pure question of law to be decided by the court, and with which the jury has nothing to do, they having agreed upon the facts and presented them to the court by their special verdict. *Pennsylvania Co.* v. *Weddle*, 100 Ind. 138; *Cole* v. *Curtis*, 16 Minn. 182; *Stone* v. *Crocker*, 24 Pick. 81; *Grant* v. *Moore*, 29 Cal. 644; *Center* v. *Spring*, 2 Ia. 393; *Cottrell* v. *Cottrell*, 126 Ind. 181.

The jury in this cause found that the prosecution of appellant was maliciously instituted by appellee. This finding the jury had a right to make. The jury were also asked the following question: "Did the said Stanley, before the affidavit and information mentioned in the complaint were filed, and before visiting said DeWolfe & Goodman, investigate in good faith, and with an honest purpose to determine who the guilty parties were, respecting said car rob-

beries?" The man Stanley spoken of in the question, was the agent of the appellee, and procured the prosecution. To this question the jury answered: "Yes, in good faith, but prosecuted without probable cause." The latter part of said answer,—"but prosecuted without probable cause,"—was volunteered by the jury, was not responsive to the question asked them, and was beyond their province. It was a finding that they had no right to make, and such a one as the court will disregard. It is manifest that the lower court concluded upon the facts as found by the jury that the prosecution was not without probable cause, and upon a careful examination of the special verdict, we are satisfied that the judgment of the lower court was right.

The judgment of the court below is affirmed.