Atkinson *v.* VanCleave.

## ATKINSON *v.* VANCLEAVE.

[No. 3,169. Filed June 22, 1900. Rehearing denied Nov. 16, 1900.]

MALICIOUS PROSECUTION.—*Evidence.*—*Financial Condition of Defendant.*—In the trial of an action for malicious prosecution, it was not error to admit evidence as to defendant's financial condition. *p. 509.*

SAME.—*Evidence.*—*Malice.*—*Advice of Lawyer.*—Where, in the trial of an action for malicious prosecution, defendant introduced evidence to show that he acted upon the advice of a lawyer in instituting the criminal prosecution, evidence that the person referred to did not hold himself out to the public as a lawyer was competent as tending to show that defendant acted upon the advice of one who was not a lawyer. *pp. 509, 510.*

SAME—*Evidence.*—*Malice.*—*Advice of Lawyer.*—The fact that defendant in an action for malicious prosecution stated the facts to an attorney at law and sought his advice before instituting the criminal prosecution, is not conclusive evidence that he acted without malice, or that probable cause existed. *p. 510.*

SAME.—*Probable Cause.*—*Instructions.*—Where, in an action for malicious prosecution, the facts necessary to constitute probable cause were controverted, it was proper for the court to inform the jury that certain facts, if proved, would not constitute probable cause. *pp. 510, 511.*

From the Newton Circuit Court. *Affirmed.*

*Daniel Fraser* and *W. H. Isham,* for appellant.
*R. P. Davidson* and *Allen Boulds,* for appellee.

HENLEY, J.—This was an action for damages growing out of the alleged malicious prosecution of appellee by appellant. Appellee recovered judgment in the lower court for $1,500. The only error assigned in this court arises

upon the action of the lower court in overruling appellant's motion for a new trial. Counsel for appellee have not favored us with a brief. It is urged by counsel for appellant that the verdict of the jury is not sustained by sufficient evidence. The evidence is conflicting upon all the essential questions in issue. Much evidence was introduced by both parties to this action, and upon the evidence submitted we must regard the questions which were within the province of the jury as correctly decided.

It is next insisted by counsel for appellant that the lower court erred in permitting certain evidence to go to the jury as to the value and extent of the property of the appellant. It is true that the courts of this country are not uniform in their decisions upon this subject. Perhaps, we might say, that the weight of authority is with the appellant. But the question seems to be settled by the courts of this State in favor of permitting evidence as to the value and extent of the property of a defendant in a case of this kind. It has been repeatedly held that in suits for damages, where the wrongdoer is not amenable to the penal laws of the state, that it is within the discretion of the jury to award damages by way of punishment in addition to the compensation for the injuries sustained. This is an action of that character. It is an action for the recovery of damages growing out of a malicious tort. The exact question was before this court in the case of *Sexson* v. *Hoover,* 1 Ind. App. 65. Also see, *Lytton* v. *Baird,* 95 Ind. 349; *Farman* v. *Lauman,* 73 Ind. 568; *Meyer* v. *Bohlfing,* 44 Ind. 238; *Taber* v. *Hutson,* 5 Ind. 322; *Johnson* v. *Smith,* 64 Me. 553; *Winn* v. *Peckham,* 42 Wis. 493; *Whitfield* v. *Westbrook,* 40 Miss. 311; *Coleman* v. *Allen,* 79 Ga. 637, 5 S. E. 204; Abbott's Trial Ev., p. 654.

It is also complained that the court permitted evidence as to whether there was a business sign or advertisement as a lawyer, or attorney at law, at the office of Newton Sleeper. The witness Sleeper was the attorney to whom appellant

went for advice as to whether or not he should begin the criminal action against the appellee, out of which grew the present suit. We can not understand how this evidence could have harmed appellant. Nor do counsel in any way attempt to show how the same could have resulted in harming the appellant. It has been held in this State that it is not com-. petent to show that in the institution of a prosecution the defendant acted upon the advice of a person not an attorney or counselor at law for the purpose of disproving malice. It seems to us that evidence which tended to prove in any manner that the witness did not hold himself out to the public as a lawyer would be competent as tending to show that the defendant acted upon the advice of one who was not a lawyer.

It is next insisted by counsel for appellant that the court erred in instructing the jury as follows: "The mere fact that a party procures and acts upon the advice of an attorney so obtained does not of itself exempt him from liability, or afford absolute justification of the prosecution. It is merely competent evidence to rebut malice and want of probable cause." We think this instruction states the law. It has always been held in this State that in actions for malicious prosecution, the defendant may prove that before he began the prosecution he made a full and fair presentation of the facts of the case to an attorney at law, who advised a prosecution. The advice must be sought in good faith and for an honest purpose. *Lytton* v. *Baird,* 95 Ind. 349; *Aldridge* v. *Churchill,* 28 Ind. 62; *Paddock* v. *Watts,* 116 Ind. 146. But the fact that the defendant before the institution of the prosecution stated the facts to counsel and sought his advice is not conclusive evidence that he acted without malice or that probable cause existed. *Lytton* v. *Baird, supra.*

Counsel for appellant complain in a general way of the other instructions given the jury. The instructions complained of cover twenty-five pages of the transcript. In one instance only do counsel assign a reason or cite authorities

to show that certain instructions do not state the law. It is insisted that the court erred in instructing the jury that certain facts as a matter of law were or were not sufficient to constitute probable cause. The facts being controverted it was the duty of the court to inform the jury what was necessary to constitute probable cause, and it could not be error for the court to inform the jury that certain facts, if proved, would not constitute probable cause. The court having the right to decide what is probable cause would certainly have the right to decide what is not probable cause. Upon this question we cite: *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138; *Cottrell* v. *Cottrell,* 126 Ind. 181; *Taylor* v. *Baltimore, etc., R. Co.,* 18 Ind. App. 692; *Indiana Bicycle Co.* v. *Willis,* 18 Ind. App. 525.

We have given the questions presented careful consideration and find no error.

Judgment affirmed.

Wiley, J., took no part.