## INDIANA UNION TRACTION COMPANY *v.* JACOBS.

[No. 20,873.   Filed June 27, 1906.]

1. PLEADING.—*Complaint.*—*Negligence.*—*Interurban Railroads.*—*Carriers.*—A complaint showing that defendant interurban railroad company negligently failed to provide a platform in the street on which passengers could alight, negligently failed to stop its car at the usual place, and negligently carried plaintiff beyond the usual stopping place and caused her to get off, unassisted, in the dark where the ground was very uneven, by

Indiana, etc., Traction Co. *v.* Jacobs—167 Ind. 85.

reason of which, in alighting, she fell and injured herself, is sufficient, though negligence in the failure to provide a platform in the street and in running the car beyond the usual place is not shown.   p. 88.

2.   PLEADING.—*Carriers.—Interurban Railroads.—Defective Place for Alighting.—Notice.*—A complaint by a passenger against an interurban railroad company for injuries received in alighting at a defective place need not allege notice of such defect on the part of such company.   p. 88.

3.   INTERURBAN RAILROADS. — *Carriers. — Defective Place for Alighting.—Negligence.—Question for Jury.*—Whether an elderly woman was guilty of contributory negligence in alighting, unassisted, from an interurban car on a dark night at a defective place, of which defects she had an imperfect knowledge, is a question for the jury.   p. 89.

4.   PLEADING.—*Negligence.—Special Damages.—Aggravation of Existing Condition.*—The aggravation of an existing condition is not considered as special damages; and evidence thereof is admissible under a comprehensive allegation of general damages.   p. 91.

5.   EVIDENCE.—*Expert.—Hypothesis.—Failure to Show Basis of Facts.—Striking Out.*—Where expert evidence is admitted to prove probable resulting injuries, certain conditions being hypothetically assumed, plaintiff's counsel agreeing to show such conditions, no question can be raised on the introduction of such evidence, on plaintiff's failure to prove such hypothetical conditions, unless defendant at the close of plaintiff's case, moves to strike out such evidence.   p. 91.

6.   SAME.—*Declarations of Patient to Physician.*—The declarations of a patient to her physician concerning her injuries are admissible, in her behalf, in an action of damages for such injuries.   p. 92.

7.   SAME.—*Interurban Railroads.—Owner and Operator of.*—Evidence by an employe that he was in the employ of the defendant and in charge of the car on which plaintiff was a passenger when injured, sufficiently shows that defendant was operating such car, especially when defendant was contesting the case upon its merits.   p. 92.

8.   TRIAL. — *Instructions. — Invited Error.* — Where instructions were given at defendant's request inviting an erroneous instruction by the court, defendant cannot complain.   p. 93.

9.   SAME.—*Instructions.—Contributory Negligence.—Failure to Mention in Each Instruction.*—Where the jury has been fully and carefully instructed on the question of contributory negligence, it is not necessary for the court to mention such question in the instructions relating to other branches of the case.   p. 93.

Indiana, etc., Traction Co. *v.* Jacobs—167 Ind. 85.

10. TRIAL.—*Instructions.—When Reversible.*—Error in the giving of instructions is not reversible unless the jury was thereby misled. p. 94.

11. SAME.—*Instructions.—Negligence.—Contributory.* — Because negligence and contributory negligence may be questions of law for the courts under certain circumstances, it does not follow that an instruction thereon to the jury is necessarily erroneous. p. 94.

12. SAME.—*Instructions.—Hypothesis.—Omission of Fact from.*—The omission of one fact from a hypothesis relative to negligence in an instruction is not necessarily misleading. p. 95.

13. SAME.—*Instructions.—Contributory Negligence.*—An instruction that if plaintiff was acting in a careful and prudent manner she was not guilty of contributory negligence, is correct so far as it goes. p. 95.

14. NEGLIGENCE.—*Contributory.—Volenti non fit Injuriá.*—A woman stepping from an interurban car at night, unable to distinguish plainly the defective place of alighting, and who exercises ordinary care therein, is not *volens* to such defective place. p. 95.

15. INTERURBAN RAILROADS.—*Place of Alighting.—Presumptions.*—In the absence of notice to the contrary, a passenger has the right to assume that the carrier has stopped at a place where, with due care, she can alight with safety. p. 95.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by Charlotte Jacobs against the Indiana Union Traction Company. From a judgment on a verdict for plaintiff for $550, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Kittinger & Diven, James A. Van Osdol* and *Patrick J. Casey,* for appellant.

*Gavin & Davis* and *Gentry & Cloe,* for appellee.

GILLETT, J.—Suit by appellee against appellant for injuries received by her while attempting to alight from appellant's interurban car, in a public street in the town of Arcadia. Appellant was defeated below, and assigns as error the overruling of its demurrer to the complaint, and the overruling of its motion for a new trial.

The charges of negligence in said complaint are as follows: "That said defendant negligently and carelessly failed to provide a platform or other safe and convenient place and means of entering and leaving said car, at the point where said car was stopped by said defendant, for said plaintiff to alight from said car, and that said defendant negligently and carelessly failed to stop said car at the usual place provided by said defendant at said town of Arcadia for passengers to enter upon and leave said cars, and negligently and carelessly ran said car beyond said usual place for stopping the same, for receiving and discharging passengers, to a point where there was a distance, namely, three or three and one-half feet from the lowest step on said car to the ground, and where said ground was uneven and unfit as a place for passengers to alight from said car; and negligently and carelessly informed said plaintiff at the point said car was stopped that she had arrived at her destination where she was to leave the car at said point, and said defendant negligently and carelessly failed to assist her in alighting from said car." It is alleged that it was dark at the time; that plaintiff supposed that the car was standing at the usual place for discharging passengers; that she did not know that the distance was so great, and that she believed that she could safely alight.

In respect to the failure to provide a platform in the street, and running the car beyond the usual place, the complaint fails to disclose a cause of action, but the remaining allegations, taken together, make a sufficient showing of negligence. It is not alleged that the defendant caused the street to be defective, and it is urged that the complaint is insufficient because of the failure to aver knowledge, actual or constructive, on the part of appellant of said condition. If this were a suit against the municipality, the case being one of omission, the objection

would be well taken, as knowledge in such a case is a constituent element in the duty owing. But in a case like this, where the facts disclose a direct and immediate duty to carry safely, growing out of the relation of carrier and passenger, we are of opinion that it is permissible to charge negligence in general terms. *Turner* v. *City of Indianapolis* (1884), 96 Ind. 51; *Town of Spiceland* v. *Alier* (1884), 98 Ind. 467; *Cleveland, etc., R. Co.* v. *Wynant* (1885), 100 Ind. 160; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151; *Wabash R. Co.* v. *DeHart* (1903), 32 Ind. App. 62; note to *King* v. *Oregon, etc., R. Co.* (1898), 59 L. R. A. 209.

It is contended by counsel for appellant that appellee was guilty of contributory negligence. It appears from the evidence that on March 23, 1904, appellee took passage on one of appellant's interurban cars for her home in the town of Arcadia. The car was a limited one, and it arrived at Arcadia as it was growing dark. The conductor announced the town as the car approached appellee's destination. The car did not stop at the intersection of Main street, where appellee might have alighted in safety, but it stopped a few feet beyond. At this point appellant had made a considerable excavation, for the purpose of putting gravel under its ties, with the result that the roadway was in such a condition that for a passenger to alight at said point he would be required to step down from thirty to thirty-six inches. Appellee resided on the street occupied by appellant's tracks, about one block from Main street. She admitted that she knew that the street had been torn up for some months by the building of the railroad, but she testified that for some months she had not been near the point where the car stopped, except as she went away that morning, and that she had not paid any attention to conditions there. She further testified that she noticed that morning that the roadway was

uneven, but she did not know that the railroad had not been completed or that the track had not been ballasted. She was fifty-eight years of age, and her eyesight, while as good as that of most persons of her age, had failed somewhat, so that she had to wear glasses, but she was still able to pursue her vocation, which was that of a seamstress. Her left foot was not as supple as the other, owing, as she testified, to the fact that the toes of her left foot had not fully developed, and this caused her to walk with a perceptible limp. There was no one present to assist her in alighting, and in stepping down, with her left foot first, she lost her balance and fell to the ground, owing to the fact that she misjudged the distance. There were lights burning dimly in the car, and as appellee came out on the platform it seemed dark to her. She testified: "I looked, and the distance seemed great to me. It appeared like it might be a foot and a half, perhaps two feet. I am not very accurate in determining distances, but I thought by being careful—I was not in a hurry about getting off—by being careful that I could get down without any trouble. * * * I looked and hesitated. Looked up and down the track to see if there was any one to assist me. I looked again, and it seemed nearer to me than when I first looked down. The ground seemed to be closer when I looked again." She further testified that she did not hurry, and that she thought by being careful she could get down without any trouble. We have no doubt, in the circumstances of this case, that the question whether appellee was guilty of contributory negligence was for the jury. It is unnecessary to enter into a discussion of the subject, for the authorities settle the question. *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, and cases cited; *Pennsylvania Co.* v. *Marion* (1890), 123 Ind. 415, 7 L. R. A. 687, 18 Am. St. 330. And see, particularly, *Town of Albion* v. *Hetrick* (1883), 90 Ind. 545, 46 Am. Rep. 230.

Appellant complains of a ruling of the court whereby appellee was permitted to show by her physician that if a woman who had been afflicted with rupture, but 4. which had been cured, should receive a fall, in alighting from a street car, which seriously injured her ankle and strained her back, and the injury was followed by pains in the back, such injury would have a tendency to aggravate the old malady with which she had been afflicted. While there is no averment in the complaint of an aggravation of a former malady, the allegations of the complaint, which are very comprehensive, are quite sufficient to admit evidence of such fact. Aggravation of an existing condition is not regarded, at least in this State, as special damages, and it is clear that under the comprehensive allegations of injury, which the complaint in this case contains, the proof was within the issues. *Ohio, etc., R. Co.* v. *Hecht* (1883), 115 Ind. 443; *Morgan* v. *Kendall* (1890), 124 Ind. 454, 9 L. R. A. 445; *Heltonville Mfg. Co.* v. *Fields* (1894), 138 Ind. 58. It is urged that at the time the hypothetical question was asked the existence of the facts sustaining the hypothesis had not been 5. shown. The evidence was received on the undertaking of appellee's counsel to follow up the question by proof of the facts. It appears to us that subsequently the facts were all testified to by appellee, but in any event the question could only have been saved by a motion, made after she had rested her case, to strike out the answer.

Appellant is in error in the assertion that there was no proof of a stiffening of appellee's fingers as a result of the breaking of her grasp on the hand-rail, and therefore the objection that these facts, which formed the basis of a further hypothetical question, were not proved, is not well taken.

Appellee's attending physician testified that on the night in question he attended upon her professionally. Being

asked to describe her condition, he answered: "I found her in bed. She told me that she had an injured limb, an injured ankle." Appellant moved to strike out the witness's answer as to what appellee said, and the overruling of this motion was assigned as a ground for a new trial. The declaration was evidently but introductory to the witness's treatment of the case, and it was made to one who was competent to judge whether it was false. Such statements are not regarded by the courts as resting on the plane of hearsay. *Town of Elkhart* v. *Ritter* (1879), 66 Ind. 136; *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 54 Am. Rep. 312; *Hewitt* v. *Eisenbart* (1893), 36 Neb. 794, 55 N. W. 252; *Stewart* v. *Everts* (1890), 76 Wis. 35, 44 N. W. 1092, 20 Am. St. 17; *Chapin* v. *Inhabitants, etc.* (1857), 9 Gray 244, 69 Am. Dec. 281; *Lush* v. *McDaniel* (1852), 13 Ired. 485, 57 Am. Dec. 566; *Quaife* v. *Chicago, etc., R. Co.* (1880), 48 Wis. 513, 4 N. W. 658, 33 Am. Rep. 821.

A number of minor points are made concerning rulings in appellee's favor relative to the admission of testimony offered by her. Without extending this opinion to discuss the rulings complained of in detail, we have to say that we are of opinion that appellant has no serious ground of complaint with reference to any of these, and that in no instance is there shown to be a ground of reversal growing out of a ruling on the evidence.

It is contended that it is not shown that the car was operated by appellant, the Indiana Union Traction Company. There is no evidence to the contrary, and, as the company was defending, we are of opinion that the jury was justified in concluding that that fact existed upon very slight implications. There was at least some evidence that appellant owned said road, and was operating cars thereon. It appeared from the evidence of appellee that she made the trip from Tipton to Arcadia, arriving at the latter place about 7 o'clock in the evening,

and a witness for appellant testified that he was in the "employ of the defendant, the Indiana Union Traction Company, on March 23, 1904," and that he was "in charge of the defendant's car that made the run from Tipton, arriving at Arcadia about 7 o'clock in the evening." Upon this state of the evidence we are of opinion that the jury, in the absence of anything to create the slightest implication to the contrary, was justified in finding that the car was operated by appellant, as charged in the complaint.

Complaint is made that the court instructed the jury that the plaintiff was not required to prove all of the acts of negligence alleged, but that it was sufficient if she proved any act of negligence charged in her complaint as the proximate cause of her injuries. The objection which is urged to this instruction is that in some particulars the acts complained of by appellee did not constitute negligence. It appears to us, however, that by instruction seven, tendered by appellant and given by the court, the error was invited. Elliott, App. Proc., §627; Ewbank's Manual, §255.

8.

A reversal is sought because the court in an instruction to the jury, after referring to the issues, stated that "if the plaintiff had so proved the material allegations of her complaint, then she is entitled to recover such damages as will compensate her for the injuries." The objection urged to this instruction is that it ignores the element of contributory negligence. The jury was charged with great distinctness that contributory negligence would defeat a recovery, and that while the burden of proving such negligence was on the defendant, yet that such defense might be made out by the evidence of the plaintiff and her witnesses with the same effect as if made by the witnesses of the defendant. Five instructions were given which referred to the subject of contributory negligence, and four were given relative to the subject of ordinary care being exercised by the plaintiff. The sixth, seventh and

9.

ninth instructions given by the court, which were framed on lines not essentially different from the instruction complained of, were qualified by the statement that the plaintiff, upon proving the facts referred to in such instructions, was entitled to recover, unless the defendant had proved by a preponderance of evidence some act of negligence on her part contributing to her injuries. Upon a review of the instructions on the subject of contributory negligence we are impressed with the view that the jury was over instructed upon that subject, and it is our conclusion that the jury could not have been misled by said instruction. It was really correct as far as it went, as it really but amounted to a statement that "then," that is, upon proving the facts alleged in her complaint, she was entitled to a recovery as the evidence then stood. The qualifying clause ought in strictness to have been added immediately thereafter, so as to guard against the possibility that the jury would misapprehend the effect of the instruction; but, presuming that the jury exercised common sense, we cannot indulge in the supposition that the jurors were not mindful of the abundant instructions which they received on the subject of contributory negligence, or that they failed to perceive that in three other instances the qualifying clause was added. A cause ought not to be reversed merely because an instruction is obnoxious to verbal criticism. The test question in every case is: Was the jury misled? *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381. In the circumstances of this case, we are of opinion that the giving of said instruction did not constitute error.

Negligence and contributory negligence, under a particular state of facts, may be questions for the courts, and as an abstract proposition it cannot be affirmed that because the court instructs on that subject its action is erroneous. Appellant's counsel have failed to point out, either in their statement of points and authori-

ties or in their argument, wherein the court erred in instructing upon these subjects. It does not necessarily follow that by the omission of some fact in an instruction involving a hypothesis relative to negligence, the instruction becomes misleading. Wherein the jury might have been misled in this particular has not been indicated. Appellant has no cause of complaint that the court instructed that if the plaintiff was acting in a careful and prudent manner she was not guilty of contributory negligence. Such an instruction is correct as far as it goes. One of the instructions, concerning which no specific objection has been pointed out, might seem, if standing alone, to overlook the subject of assumed risk (a different thing from contributory negligence; see *Indiana, etc., Oil Co.* v. *O'Brien* [1903], 160 Ind. 266); but, bearing in mind that the only testimony upon the subject of the appearances, as they presented themselves to appellee, fell from her own lips, and that her testimony strongly tended to negative the idea that she voluntarily cast herself upon a known and appreciated danger, there appears to be no substantial reason for supposing that the instruction was prejudicial.

The first part of appellant's instruction twelve, which was refused, correctly stated that in certain circumstances the plaintiff had a right to remain on the car, but as the latter part of the instruction, which deals with the subject of assumed risk, was not limited to the facts stated in the first part of the instruction, we are of opinion that it was properly refused. Appellant's instruction thirteen was not proper, as appellee had a right to assume, in the absence of notice to the contrary, that appellant had stopped its car at a place where, by the exercise of due care, she might alight in safety.

Judgment affirmed.