# THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. DIXON.

[No. 7,337. Filed December 14, 1911. Rehearing denied May 15, 1912. Transfer denied December 18, 1912.]

1. NEW TRIAL.—*Misconduct of Juror.*—*Voir Dire Examination.*— The act of a juror in misleading and deceiving defendant by failure to frankly, fully and truthfully answer the questions put to him on his *voir dire*, is such misconduct as will entitle defendant, on a, proper showing, to a new trial. p. 660.

2. NEW TRIAL.—*Misconduct of Juror.*—*Voir Dire Examination.*— *Diligence.*—To entitle a party to a new trial on the ground of misconduct of a juror, it must be shown that such misconduct was not known to the party or any of his attorneys before the verdict was returned, or that it did not become known in time to take the necessary steps to correct or avoid any prejudicial effect of such misconduct. p. 660.

3. MALICIOUS PROSECUTION.—*Probable Cause.*—*Instructions.*—An instruction, in an action for malicious prosecution, telling the jury that it should consider only certain facts and circumstances in determining the question as to whether defendant had probable cause to institute the prosecution, is erroneous, since the question of whether, under a given state of facts, probable cause existed, is a question of law for the court. p. 661.

4. MALICIOUS PROSECUTION.—*Probable Cause.*—*Conflicting Theories.*—*Instructions.*—Where, in an action for malicious prosecution, the evidence presents two conflicting theories on the question of probable cause, one consistent with its existence and the other consistent with its absence, the court should hypothetically state to the jury the group of facts which it concludes show probable cause, and direct the jury to find that there was probable cause if such group of facts are found to have been proven by the evidence; and should also hypothetically state the group of facts which it concludes show the absence of probable cause, and direct a finding of a want of probable cause if such facts are found to have been proven by the evidence. p. 663.

5. MALICIOUS PROSECUTION.—*Probable Cause.*—*Instructions.*—An instruction, in an action for malicious prosecution, that it is necessary to find that there was no probable cause, before plain-

tiff can recover, is correct, where the jury has also been told what particular facts within the evidence necessitate a finding of a want of probable cause. p. 664.

6. APPEAL.—*Review.—Invited Error.—Instructions.*—Whether or not error in an instruction given by the court was invited by appellant, by a requested instruction which was not given, should depend on the principle involved in the two instructions, rather than on any particular wording of the same. p. 664.

7. MALICIOUS PROSECUTION. — *Probable Cause. — Knowledge of Facts.—Instructions.*—Where, in an action for malicious prosecution, the jury had been told that a prosecutor is not bound to verify the correctness of each item of information, and that he is warranted in instituting a prosecution only when he has information from a credible source of such fact as would induce a reasonably intelligent and prudent man to believe that the accused is guilty of the crime charged, a succeeding instruction that, in determining the question of probable cause, the jury should consider only such facts and circumstances as the evidence shows were known to the defendant, or its agent, at the time of instituting the prosecution, is not objectionable as requiring defendant's knowledge, or that of its agent, to be personal knowledge. p. 666.

8. MALICIOUS PROSECUTION.— *Probable Cause.— Determination.— Facts to be Considered.*—In determining the sufficiency of facts to show the existence, or want, of probable cause for instituting a criminal prosecution, consideration should be limited to the facts in possession of the person making the charge at the time the prosecution was instituted. p. 667.

9. MALICIOUS PROSECUTION.—*Damages.—Compensatory Damages. —Instructions.*—In an action for malicious prosecution, an instruction, that in assessing compensatory damages, the jury could take into account "all the circumstances surrounding the case as shown by the evidence", though open to criticism, is not erroneous, since the jury has a right to assess punitive as well as compensatory damages. p. 668.

10. MALICIOUS PROSECUTION.—*Evidence.—Character of Plaintiff.*— In an action for malicious prosecution, evidence of the good character of plaintiff is admissible without first showing that such character was known to defendant. p. 669.

From Superior Court of Marion County (75,530) ; *James M. Leathers,* Judge.

Action by Elmer Dixon against The Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Leonard J. Hackney, Frank L. Littleton, John W. Kern* and *John J. Kelly*, for appellant.

*Alvah J. Rucker* and *James E. Rocap*, for appellee.

HOTTEL, J.—This is a suit for damages for malicious prosecution.

The complaint is in one paragraph, to which a demurrer was overruled. The general denial was then filed, and on the issues so formed there was a trial by jury and a verdict for appellee in the sum of $2,500. A motion for a new trial was overruled, and judgment rendered on the verdict.

The errors assigned call in question the rulings on the demurrer to the complaint and the motion for a new trial.

Appellant in the oral argument conceded the sufficiency of the complaint, and waived the error calling the same in question. The errors now relied on and urged are certain grounds of the motion for a new trial. The first of these relates to the misconduct of a juror, and is very earnestly urged. We are convinced that the conduct of the juror, of which complaint is made, was of a character to mislead and deceive appellant, and that if the juror had answered the questions put to him on his *voir dire* frankly, fully and truthfully he would not have been accepted by appellant as a juror to try the case. This the juror should have done, and his failure to do so constituted such misconduct as entitled appellant, on a proper showing, to a new trial. *Pearcy* v. *Michigan Mut. Life Ins. Co.* (1887), 111 Ind. 59, 12 N. E. 98, 60 Am. Rep. 673; *Block* v. *State* (1885), 100 Ind. 357, 365; *Johnson* v. *Tyler* (1891), 1 Ind. App. 387, 392, 27 N. E. 643.

But before appellant was entitled to a new trial for such reason, it was necessary that it should support this ground of its motion, by a showing that neither it nor any of its attorneys knew of the misconduct' before the jury returned its verdict, or that such knowledge was not brought to the attention of appellant nor any of its attorneys in time for it to present to the court trying such

cause an opportunity to take such steps as might be necessary to correct or avoid any prejudicial effect of such misconduct. In other words, it must affirmatively appear from such showing that the appellant did not, either in person or by its attorneys, take the chance of a favorable verdict from the jury after knowledge of misconduct of one of its members was brought to its attention, without interposing seasonable objection to such misconduct. *Messenger* v. *State,* (1899), 152 Ind. 227, 231, 52 N. E. 147; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 269, 61 N. E. 565; *Fifth Ave. Sav. Bank* v. *Cooper* (1898), 19 Ind. App. 13, 19, 48 N. E. 236; *Aurora, etc., Turnpike Co.* v. *Niebruggee* (1900), 25 Ind. App. 567, 573, 58 N. E. 864; *Cleveland, etc., R. Co.* v. *Osgood* (1905), 36 Ind. App. 34, 42, 43, 73 N. E. 285; *New* v. *Jackson* (1912), 50 Ind. App. 120, 95 N. E. 328. Appellant's showing in this regard did not meet the requirements of the decisions, *supra,* and this ground of its motion does not therefore present available error.

Appellant next insists that certain instructions given by the court were erroneous. A general objection is made to several instructions, that the court therein delegated to the jury the right "to determine the legal question of probable cause." Instruction nine, given by the court on its own motion, is one against which this objection is urged, and inasmuch as it contains other elements to which objection is made, we set out that part of the same necessary to present such objections. It is as follows: "In determining the question as to whether the defendant had probable cause to institute the prosecution in controversy, you are to consider *only such facts* and *circumstances* as the evidence shows were *known* to the defendant, or the agent of the defendant, at the time he made the affidavit charging the plaintiff with the crime of receiving certain stolen goods."

It is well settled by the authorities of this court and the Supreme Court that the question whether *under a given*

*state of facts* probable cause existed *is a question of law* for
the court and not a question of fact for the jury. " 'What
facts and circumstances amount to probable cause is a pure
question of law. Whether they exist or not in any particu-
lar case is a pure question of fact. . The former is exclusive-
ly for the court, the latter for the jury. This subject must
necessarily be submitted to the jury when the facts are in
controversy, the court instructing them what the law is.' "
*Pennsylvania Co.* v. *Weddle* (1885), 100 Ind. 138, 147, and
authorities cited. The court in this case says further: "It
is clear from the authorities, that where the facts are not
disputed the court must decide, as matter of law, whether
they do or do not constitute probable cause; but where they
are disputed, then the court must hypothetically state the
material facts which there is evidence fairly tending to
prove, and positively direct as to the law upon the assumed
state of facts. Where the evidence is conflicting, the court
must charge the law upon the conflicting theories, and in
no event leave the question of law to be decided by the jury,
since that would be a surrender of the functions of the
judge, which the law will not allow him to make." To the
same effect are the following cases: *Cottrell* v. *Cottrell*
(1890), 126 Ind. 181, 185, 25 N. E. 905; *Hutchinson* v.
*Wenzel* (1900), 155 Ind. 49, 54, 56 N. E. 845; *Atkinson* v.
*Van Cleave* (1900), 25 Ind. App. 508, 551, 57 N. E. 731;
*Lawrence* v. *Leathers* (1903), 31 Ind. App. 414, 422, 68
N. E. 179; *Sasse* v. *Rogers* (1907), 40 Ind. App. 197, 202,
81 N. E. 590. These authorities make certain the duty of
the court not to tell the jury that certain facts *may be con-
sidered* by it in determining whether probable cause ex-
isted, nor that if it finds certain facts to exist it *may con-
sider* such facts in determining such question. The court
must for itself search the evidence on this question, and if
there be no conflict therein it then becomes the court's
duty to say, as a matter of law, whether there was or was
not probable cause.

If, however, the evidence presents two conflicting theories on said question, one consistent with probable cause and the other consistent with its absence, it then becomes

4. the duty of the court, on the one hand, to group the facts within the evidence which it concludes, as a matter of law, show probable cause, and then hypothetically state such group of facts to the jury, directing it that if it finds such group of facts proven by the evidence that it *must* find that there was probable cause, and, on the other hand, to group the other facts within the evidence which it concludes, as a matter of law, show the absence of probable cause, and then hypothetically state those facts to the jury, directing it that if it finds such group of facts proven by the evidence that it *must* find that there was not probable cause; and in no event must the court delegate to the jury the duty of determining for itself, as a matter of law, whether either group of facts, or any other group that it may find to be proven by the evidence, shows probable cause.

That said instruction violated this rule and delegated to the jury the duty which the law imposes upon the court, there can be no question. See *Cottrell* v. *Cottrell, supra,* 184. In fact, appellee, in effect, concedes this to be true, but insists that appellant, by the instructions which it tendered, invited the error, and cannot therefore avail itself of the same on appeal.

Appellee, in his brief, calls our attention to several instructions tendered by appellant, some of which were, in substance, given by the court and others refused, which he insists invited this error. In the main, these instructions simply told the jury that before it could find for plaintiff it was necessary that it should find a want of probable cause, and were correct expressions of the law. It was correct to instruct the jury that before plaintiff could recover it was necessary that the jury should find that there

was no probable cause, if the jury had also been told by the court what particular facts within the evidence necessitated such a finding by it.

There is, however, at least one instruction tendered by appellant which we think is subject to said objection urged against that given by the court. This is instruction eighteen, and is as follows: "In determining the question as to whether the defendant had probable cause to prosecute the plaintiff, you may take into consideration the fact, if it be a fact, that oats that had been taken from off the property of defendant a short time before plaintiff was arrested, was found in the possession of the plaintiff at the time he was arrested as charged in the complaint, together with all the other evidence in the case."

It is apparent that this instruction, the same as number nine, *supra,* is open to the objection that it delegates to the jury the right to *consider certain facts* in determining probable cause. The question therefore arises whether appellant by tendering this instruction invited the error complained of in those given by the court, especially number nine, *supra,* and on this account deprived itself of any advantages from such error that it might otherwise have successfully asserted on appeal. This involves the general question, What constitutes an invited error? Or, to be more specific and limit the question to this particular case, we must determine whether an erroneous instruction given by the court can be said to be invited by one tendered by the complaining party which, although refused, involved the same underlying principle. If the instruction complained of was the one tendered by the complaining party, or was a substantial copy of the same, there would be no question under the authorities but that the error should be said to be invited, and the complaining party be deprived of any advantages thereof on appeal. *Pennsylvania Co.* v. *Roney* (1883), 89 Ind. 453, 457, 46 Am. Rep. 173; *Minot* v. *Mitchell* (1868), 30 Ind.

228, 235, 95 Am. Dec. 685; *Scott* v. *Board, etc.* (1884), 101 Ind. 42, 46; *Eacock* v. *State* (1907), 169 Ind. 488, 505, 82 N. E. 1039; *Indiana, etc., Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 93, 78 N. E. 325; Elliott, App. Proc. §626; Ewbank's Manual §255.

Where, however, the instruction given and complained of involves only the same general principle as that tendered by the complaining party, a more difficult question arises, or at least the question so presented is one on which authorities are less numerous. It would seem clear, however, that whether or not the error was invited should depend on the general principle involved in the two instructions, rather than on any particular wording of the same, and this seems to be the holding of courts of other jurisdictions, and supported by some of the best law writers in our own State.

In the case of *Whitmore* v. *Supreme Lodge, etc.* (1889), 100 Mo. 36, 47, 13 S. W. 495, the court said: "Where a party has asked similar instructions to those given, he is in no position to complain."

In the case of *Springer* v. *Orr* (1898), 82 Ill. App. 558, that court said at page 563: "Moreover, appellant's third instruction asked, but refused by the court, is also based upon the theory of a sale, and estops appellant from claiming appellee's instructions, based on a like theory, are cause for reversal."

In the case of *Union Cent. Life Ins. Co.* v. *Hughes' Admr.* (1901), 110 Ky. 26, 32, 60 S. W. 850, that court said: "Where a principle of law is conceded by both parties on the trial, in the instructions they asked, this court will not ordinarily reverse; and, on the facts of this case, we are of opinion there should not be a reversal here."

In *Demetz* v. *Benton* (1889), 35 Mo. App. 559, 564, that court said: "The second ground of the plaintiff's appeal is that the defendant's instructions 'ignore any question of negligence.' We should be inclined to regard this objection as fatal were it not that the plaintiff grounds his cause of

action upon the negligence of the defendant, and yet in none of the instructions asked and given in his behalf is that question submitted to the triers of the facts for their consideration. It is now the well-settled practice in the appellate courts of this state that a party cannot complain of error in instructions given at the instance of the adversary party, if those given at his request contain a similar error.''

In Elliott, App. Proc. §627, it is said: ''If one party asks instructions asserting a *designated theory* he cannot complain that the court gave similar instructions at the request of his adversary. * * * The general doctrine that a party can secure no advantage from an invited ruling is tacitly asserted in the cases which hold that a party who tenders an immaterial issue cannot successfully complain because the court tried the case upon the issue he tendered.'' To the same effect see: *Watson Cut Stone Co.* v. *Small* (1898), 80 Ill. App. 328, 330, 331; *Reilly* v. *Hannibal, etc., R. Co.* (1887), 94 Mo. 600, 610, 611, 7 S. W. 407; *International, etc., R. Co.* v. *Sein* (1895), 89 Tex. 63, 66, 33 S. W. 215 and 558; *Chapman* v. *Barnes* (1888), 29 Ill. App. 184, 186. See also, *Duncan* v. *State* (1908), 171 Ind. 444, 447, 86 N. E. 641, and authorities cited. These authorities lead to the conclusion that said error in said instruction was invited. *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, 700, 85 N. E. 969; *Indiana, etc., Traction Co.* v. *Jacobs, supra.*

It is insisted by appellant that this instruction is open to the further objection that it limits the jury in its determination of said question to the consideration of such facts

7.    and circumstances *only* as were within the *personal knowledge* of the defendant or its agent at the time of the filing by said agent of the affidavit charging appellee with said crime. In view of the instruction given by the court, which immediately preceded the one complained of, we do not think the objection tenable. The preceding instruction told the jury that ''a prosecutor is not bound to

verify the correctness of each item of information. It is sufficient that he acted with such prudence and impartiality and diligence as a reasonably prudent man would have used under the circumstances to ascertain the truth of such suspicions. Mere belief on the part of the prosecutor of the guilt of the person prosecuted will not of itself amount to probable cause. He is warranted in instituting the prosecution only when he has information from a credible source of such fact, as would induce a reasonably intelligent and prudent man to believe that the accused is guilty of the crime charged. When he has such information from a credible source and acts thereon, there would be such probable cause as would afford a complete defense in a suit for malicious prosecution.''

The instruction complained of does not qualify nor limit the knowledge required to *personal* knowledge, but the limitation made was one fixing the time when such facts and circumstances to be considered in determining said question should have come into the possession or *knowledge* of the person making the criminal charge, and included all of such facts and circumstances, whether they were those of which he had personal knowledge, or those of which he had reliable information, provided *only* that they had come into his possession or knowledge at the time of the making of such affidavit and were of the reliable character expressed in the preceding instruction, and excluded all such knowledge or information obtained after the making of the affidavit.

The limitation that the knowledge and information to be considered should be such only as was in the possession of the person making the criminal charge at the time of 8. making the affidavit, and should not include knowledge and information that came to said agent after he made the affidavit, was correct and supported by authority. *Lawrence* v. *Leathers, supra; Pennsylvania Co.* v. *Weddle, supra.*

These cases, in limiting the evidence to be considered in determining the questions of probable cause, adopt substantially the same expression as that adopted by the court in said instruction nine. While the language is not such as to be commended in an instruction, yet where, as in this case, other instructions make clear that the language used was not intended to limit the facts and circumstances to be considered in determining said question to such only as were personally known to the person making the charge, no harm could result therefrom.

We are aware of the rule that holds that an erroneous instruction cannot be cured by giving a contradictory one; but these instructions when considered together are not contradictory, and we are of the opinion that the jury was in nowise misled by them.

Appellant next insists that instruction seventeen, on the subject of damages, was erroneous, in that it told the jury that in assessing compensatory damages it might take into account *"all the circumstances surrounding the case as shown by the evidence."* This instruction is open to criticism, and if the action were one in which compensatory damages alone could be assessed, under the authorities of the Supreme Court and this court it might constitute reversible error. *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 151, 81 N. E. 492; *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98; *Broadstreet* v. *Hall* (1904), 32 Ind. App. 122, 69 N. E. 415. In each of the cases above cited, the court gives the facts shown by the evidence on which it based its opinion that the instruction complained of was harmful to appellant. The reasons given do not apply to a case like the one at bar, where, under the issues tendered, the jury may assess punitive, as well as compensatory damages. It would be extending the rule too far to apply it to such cases.

Lastly, it is insisted by appellant that the court erred in admitting in evidence the good character of appellee, with-

out first showing that such good character was known
10. to defendant. This was not error. *Pennsylvania Co.*
v. *Weddle, supra,* 141; *American Express Co.* v. *Patterson* (1881), 73 Ind. 430, 438.

The record presents no available error, and judgment is therefore affirmed.

Note.—Reported in 96 N. E. 815. See, also, under (1) 29 Cyc.
767; (2) 29 Cyc. 813; (3) 26 Cyc. 106, 114; (4, 5, 7) 26 Cyc. 114;
(6) 3 Cyc. 247; (8) 26 Cyc. 23; (9) 26 Cyc. 117; (10) 26 Cyc. 89.
As to examination of jurors on *voir dire,* see 23 Am. Dec. 128; 109
Am. St. 563.