BARNETT *v.* BAILEY'S BEAUTICIAN SUPPLY CO., INC.

[No. 20,203. Filed October 10, 1966. Rehearing denied December 1, 1966. Transfer denied April 13, 1967.]

*Gerald C. Purdy* and *Frank E. Spencer,* both of Indianapolis, for appellant.

*Gustav H. Dongus, Robert M. Messick* and *Fauvre, Dongus, Ging & Cregor,* all of Indianapolis, for appellee.

CARSON, J.—This is an appeal by the appellant who was plaintiff below from the Superior Court of Marion County Room 1. The issues were formed by the appellant's second amended complaint and the appellee's answers thereto under Rule 1-3, and the plaintiff-appellant's reply thereto under Rule 1-3 to the affirmative paragraphs of answer.

In the first paragraph of her second amended complaint, the appellant alleged an implied warranty of a product known as Roux Oil Shampoo Tint and in the second paragraph, negligence of the defendant-appellee in failing to warn plaintiff-appellant that the use of the preparation could result in physical injury. Defendant-appellee's answer to Paragraph I was in three paragraphs: the first in admission and denial; the second, that the product was sold under a trade name and that there was no express or implied warranty as to fitness for any particular purpose; the third paragraph alleged that the preparation came to the defendant-appellee wholesale from the manufacturer in a sealed package and was sold to plaintiff-appellant in such package which contained cautionary instructions on the outside and also included a nineteen page booklet of instructions for use of the product. Appellee's answer to Paragraph II was in four paragraphs: the first three being similar to the answers filed to the first paragraph and the fourth pleading the statute of limitations. Plaintiff-appellant replied in general denial to the affirmative paragraphs of the answer.

The case was tried by jury and at the close of the plaintiff-appellant's case in chief, the appellee moved for and was granted a directed verdict in its favor on Paragraph II which was the negligence count of the second amended complaint. The plaintiff-appellant has raised no issue in this appeal from such directed verdict. As to the defendant-appellee's motion for directed verdict on Paragraph I, the court denied such request and at the conclusion of the case the jury returned a verdict for the defendant-appellee on which judgment was en-

tered. The plaintiff-appellant filed a motion for a new trial specifying seven reasons which reads as follows:

"(1) The verdict of the jury is not sustained by sufficient evidence.

(2) The verdict of the jury is contrary to law.

(3) The verdict of the jury is contrary to the law and the evidence.

(4) The Court erred in giving to the jury at the request of the defendant Instruction No. 11.

(5) The Court erred in giving to the jury at the request of the defendant Instruction No. 12.

(6) The Court erred in giving to the jury at the request of the defendant Instruction No. 13 as modified.

(7) The Court erred in giving to the jury at the request of the defendant Instruction No. 16 as modified."

The court overruled the plaintiff's motion for a new trial and thereafter the plaintiff-appellant perfected this appeal by filing her assignment of error. The sole grounds in the assignment of errors is that the court erred in overruling appellant's motion for a new trial and all of the specifications in the motion for a new trial are thereby presented to this court for consideration.

In the argument portion of plaintiff-appellant's brief, they state they will rely on Specifications 2, 4, 5, & 6 of the motion for a new trial, whereas, they argue Specifications 2, 4, 5, & 7. The Specifications not argued are waived.

For the purposes of this opinion, we shall first discuss Specifications 4, 5, & 7 relating to instructions tendered by the defendant and given by the court, and then discuss Specification No. 2.

Defendant's tendered Instruction No. 11 given by the court presented to the jury the question of contributory negligence; defendant-appellee's Instruction No. 12 again presented the question of negligence which might have proximately contrib-

uted to the plaintiff-appellant's injuries. Defendant-appellee's Instruction No. 16 presented to the jury the question of reasonable care on the part of the plaintiff-appellant and assumption of risk. Summarizing the plaintiff-appellant's objections to these three instructions, they in substance present the theory that contributory negligence is not a defense in matters of warranty and that they were misleading to the jury in that they permitted a defense which the law did not recognize in this type of action and placed upon the plaintiff-appellant a burden she did not have to discharge under the theory of her complaint.

In order to properly meet these objections, it is necessary that we set out verbatim certain instructions tendered by plaintiff-appellant. Plaintiff-appellant's tendered Instructions No. 7 & No. 8 reads as follows:

## PLAINTIFF'S TENDERED INSTRUCTION NO. 7

"You are further instructed that if you find that plaintiff did take those precautions suggested by the warning label on the product Roux Oil Shampoo Tint Concentrate and did faithfully and regularly make use of rubber gloves as recommended by said warning label, then you must find that she is without fault and that if you further find that defendant knew or should have known that continued use of said product would cause users to acquire sensitivity to said product, despite said precautionary measures, and wholly failed to warn users against such hazard, then you must find for plaintiff."

## PLAINTIFF'S TENDERED INSTRUCTION NO. 8

"You are further instructed that the parties have stipulated that an ingredient of Roux Oil Shampoo Tint Concentrate is known as paraphenylenediamine and that if you find that said compound is a known skin sensitizer and that defendant knew or should have known of its nature and possible consequences to users thereof, then defendant was under a duty to so warn users of said compound of the full hazards of use of said compound and that failure to do so constitutes negligence on behalf of defendant and that you should therefore find for plaintiff."

As we read these instructions, No. 7 definitely tendered to the jury the question of possible fault on the part of plaintiff-appellant and Instruction No. 8 definitely tendered to the jury the question of negligence. Both of these instructions were refused by the court, but that does not cure the fact that the error, if any, was invited by the plaintiff-appellant. It has long been the rule of law in this state that a party invites error by requesting an instruction, although later refused by the court, covering the same subject matter as an instruction tendered by the other party which was given by the court. This rule has been affirmed in *Pittsburgh, etc., R. Co. v. O'Conner* (1908), 171 Ind. 686, 85 N. E. 969:

> "Appellant complains of certain instructions given to the jury, for the reason that they were under the third paragraph of the complaint which charged a wilful injury when that paragraph had been dismissed by the appellee when the case was pending in the Superior Court of Marion County. True, said paragraph had been dismissed as claimed, but appellant cannot sucessfully complain of the giving of said instructions on the ground urged, because it also requested the court to give instructions under said third paragraph, thus inviting the error complained of. Elliott, App. Proc., §§ 626, 627; Ewbank's Manual, § 255; *Pennsylvania Co. v. Roney* (1883), 89 Ind. 453, 46 Am. Rep. 173; *Indiana, etc. Traction Co. v. Jacobs* (1906), 167 Ind. 85, 93."

See also *Cleveland, etc., R. Co. v. Dixon* (1911), 51 Ind. App. 658, 96 N. E. 815.

Coming now to Specification No. 2 (that the verdict of the jury is contrary to law) in the plaintiff-appellant's motion for a new trial, we find upon examination of the record that the evidence presented to the jury was voluminous; that it was conflicting in many places; that the case was fully and fairly tried and the verdict returned by the jury adverse to the plaintiff-appellant. Under this assignment of error, we are required to consider whether or not, under the evidence most favorable to the appellee and all reasonable in-

ferences to be derived therefrom, reasonable-minded men would have arrived at a result contrary to that of the jury. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

Applying this rule, we find that the case was fully and fairly tried and that the appellant has not demonstrated any reversible error and the verdict of the jury and judgment of the court should be affirmed.

Judgment affirmed.

Wickens, P. J., concurs and Faulconer and Prime, JJ., concur.

NOTE.—Reported in 224 N. E. 2d 516.